**UNITED STATES of America,**
**Plaintiff-Appellant.**

**v.**

**CERTAIN LAND IN the CITY OF FORT WORTH, COUNTY OF TARRANT, STATE OF TEXAS, and Mary C. Cooper, et al., Defendants-Appellees.**

**No. 26462.**

United States Court of Appeals
Fifth Circuit.

Aug. 21, 1969.

Clyde O. Martz, Roger P. Marquis, Raymond N. Zagone, Asst. Attys. Gen., Dept. of Justice, Washington, D. C., Eldon B. Mahon, U. S. Atty., Claude D. Brown, Asst. U. S. Atty., Fort Worth, Tex., for appellant.

Ardell M. Young, A. M. Herman, Fort Worth, Tex., for appellees.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

SIMPSON, Circuit Judge:

This appeal had its genesis in the same federal taking by condemnation described in United States v. Certain Land, etc., 5 Cir. 1969, 414 F.2d 1029 [No. 26,698]. Involved here is another parcel in the same city block. The government contests the valuation awarded by a jury as to Parcel 6 of the taking in a separate trial.

The lot, owned by A. J. Cooles, consisted of 11,800 square feet and was improved by a one-story structure. It was a corner lot, immediately south of and adjacent to the Wilson parcel involved in No. 26,698, which was an inside parcel with frontage on only one street.[1] Cooles had acquired the property thirteen months prior to the taking at a price of $50,000 or $4.24 a square foot. At trial, the landowner's experts, Thomas and Carb, respectively valued the property at $10.50 and $9.00 a square foot. The government's three witnesses' estimates ranged from $5.00 to $5.50 a square foot.

The jury verdict fixed a valuation of $82,621, or $7.00 per square foot. The government appeals that determination, urging that error was committed below in the admission of evidence, in the refusal of certain jury instructions, and in overruling an objection to the landowner's jury argument. We affirm.

In the companion case, No. 26,698, supra, we decided adversely to the appellant two of the objections raised on appeal here: the admissiblity of evidence as to the Salvation Army sale and as to the Church sale. Those issues will not be further discussed. The appellant presents two additional issues which warrant discussion.

The appellant makes much of the fact that thirteen months before the taking, the landowner purchased Parcel 6 for $50,000 and he now claims the same property is worth $100,000. It is the government's contention that the jury should have been instructed that it should give considerable weight to the prior sale of the subject property. The government asserts that the district court erred in refusing to give its requested instruction 7 or its alternative requests 7A or 7B.[2]

1. These facts, together with the court award of $10.00 per square foot in No. 26,698 contrasted with a jury award of $7.00 per square foot in the instant case, elicited the comment by landowner's counsel at oral argument that until the United States took this appeal, he had been under the impression that his client had lost his case. The government's desire to upset this verdict on appeal and take its chances before another jury is indeed something of a puzzle.

2. Requested Instruction 7 read:
    "You have been instructed as to the definition of fair market value. What comparable land changes hands for on the market at about the time of taking is usually the best evidence of fair market value. In the absence of such evidence a determination of value becomes at best only a guess by informed persons. You are therefore instructed that:
    (a) A sale in the open market of the property in question reasonably near in time to the date of taking is the best evidence of its fair market value.

    (b) Lacking a free market sale of the property itself reasonably near the date of taking, sales on the open market of similar or comparable property reasonably near in time to the date of taking, are the best evidence of the fair market value of the property being condemned. Of course, there will be differences in the size, shape, location and the immediate surroundings of two pieces of property, and perhaps differences in other respects, and yet, to the extent that they are similar or comparable, the price for which one sold in the open market is good evidence of the fair market value of the other. 'Similar' does not mean 'identical' but having a resemblance. Obviously no two properties are alike in every respect, but this does not prevent their being comparable. Sales constitute the market. You must reject them as lacking in comparability before you turn to other

■ These instructions were patently designed to emphasize to the jury the importance of the price Cooles paid for the subject property thirteen months prior to the taking and to de-emphasize the importance of other comparable sales. Had such instructions been given, the trial court would in effect have been telling the jury that it should give more weight to the sale price of the subject property than to any other sale, even more recent sales of similar property. These instructions, if given, would probably have unfairly prejudiced the landowner's case. Viewed in their entirety, the instructions given were full and fair, and additional instructions were not required. In Hickey v. United States, 3 Cir. 1954, 208 F.2d 269, the Court stated at page 273:

"We reject the conception that a prior sale or sales of condemned property must always, as a matter of law, be given more weight in condemnation proceedings than sales of comparable property. Recent sales of the very property condemned are entitled to considerable weight, but sales of similar property are entitled to weight also; and the relative importance of the two is dependent upon the facts in the particular condemnation proceeding. * * The issue presented is peculiarly within the discretion of the trial judge in the light of the facts in each case."

Since the evidence showed that the value of land in the downtown Fort Worth area was increasing, we are not persuaded that the trial judge abused his discretion in refusing to give an instruction which would have specifically focused the jury's attention on the sale of the subject property made thirteen months prior to the taking. That land values can and do sometimes fluctuate greatly in a year's time is a matter of common experience.

Assuming arguendo that it was error to refuse to give the requested instructions, such refusal is not shown to have resulted in prejudicing the appellant's case. The major concern of the government was that without these instructions the jury would be unduly influenced by the landowner's claim that the property had doubled in value in thirteen months. It is apparent from the award of $7.00 a square foot that the jury gave no undue weight to the landowner's valuation. This figure was considerably below the landowner's experts' evaluations of $10.-50 and $9.00 a square foot, as well as the landowner's estimate of $100,000, about $8.48 per square foot.

■ During the course of the trial and during closing argument the landowner's counsel was permitted over objection to state that the government had employed Wayne Hagood to appraise Parcel 6 and had not called him as a witness. Where a party fails to call an available witness in a civil trial whose testimony the party would naturally be expected to produce if favorable to him, comment by opposing counsel on such failure is not improper. Gafford v. Trans-Texas Airways, 6 Cir. 1962, 299 F.2d 60; Illinois Central Railroad Company v. Staples, 8 Cir. 1959, 272 F.2d 829; Chesapeake & O. Ry. Co. v. Richardson, 6 Cir. 1941, 116 F.2d 860; Kierce v. Central Vermont Ry., 2 Cir. 1935, 79 F.2d 198; See also 88 C.J.S. Trial § 184, p. 362; 53 Am.Jur. § 475, Trial, p. 380; 5 A.L.R.2d 896. This rule is clearly applicable in the present case.

■ Wayne Hagood was a recognized and qualified land appraiser who was hired by the government to appraise the

---

means of determining the market value."

Alternate Requested Instruction 7A read:
"(a) You are instructed that a purchase in the open market of the property in question reasonably near in time to the date of taking is an indicator of its fair market value."

Alternate 7B read:

"(a) You are instructed that the purchase price paid for the property in question reasonably near in time to the date of taking may be considered by you as an indicator of value in determining the fair market value of the property on the date of taking."

property. Hagood was not called by the government to testify. His replacement was Jack Turnbow whose qualifications and objectivity were legitimately suspect. Turnbow was primarily a real estate developer, builder and contractor. He had never previously appraised property for a condemning authority. Further, Turnbow was a former business partner of the landowner Cooles. They severed business relationships because of a personal disagreement. In view of these circumstances, it was not error to permit counsel to comment upon Hagood's absence.

The case was fairly tried upon adequate instructions. The judgment is free of prejudicial error and is

Affirmed.