**Howard BOYLES et al., Petitioners,**

**v.**

**HOUSTON LIGHTING AND POWER COMPANY, Respondent.**

**No. B–2266.**

Supreme Court of Texas.

March 3, 1971.

Rehearing Denied March 31, 1971.

Reynolds, White, Allen and Cook, William H. White and Grant Cook, Houston, for petitioners.

Baker, Botts, Shepherd & Coates, Finis E. Cowan and John Held, Houston, for respondent.

STEAKLEY, Justice.

This is an eminent domain proceeding. Respondent, Houston Lighting & Power Company, took two easements across the property of petitioners, Howard Boyles et al. The jury awarded petitioners gross damages of $225,152.50 and the judgment of the trial court awarding this sum to petitioners has been reversed and remanded by the court of civil appeals, with one Justice concurring and one dissenting. 456 S. W.2d 714.

We granted writ of error to consider the problem which arose in this manner. During trial an expert appraisal witness of the landowners was asked upon cross examination by counsel for the condemnor-respondent if he knew the names of any other appraisers who had looked at the property on behalf of the landowners. Upon proper objection the jury was withdrawn, the question and objection were repeated and the objection sustained. Counsel for respondent then asked the witness if there had been more than two appraisers who had seen the property for the landowners and the objection was again sustained. The court of civil appeals held this to be reversible error, saying that respondent "had a right to inquire of the witnesses as to the names of other expert appraisers who had appraised the property on behalf of the landowners," upon the principle that it had the right to call as its witness any person qualified to give testimony. Harm was found in the refusal of the trial court to permit the perfection of a bill of exception for the reason that this probably prevented respondent from making a proper appellate presentation; see Rule 434, Texas Rules of Civil Procedure. The court further indicated that but for the sentence in State v. Biggers, 360 S.W.2d 516 (Tex. Sup.1962), "And a decision not to call as a witness one employed to investigate and evaluate facts and report an expert opinion is not a suppression of evidence," it would have held that the failure of the landowners to produce the other appraisers as witnesses would be subject to fair comment.

The concurring Justice wrote that the sentence in question was, in his opinion, dicta, and that under Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 68 A. L.R.2d 1062 (1957), fair comment was permissible. The dissenting Justice considered the matter of fair comment to be settled otherwise by *Biggers*.

In support of their position that the names of their employed appraisers was not relevant and material, petitioners argue the controlling applicability of Dallas Railway & Terminal Co. v. Oehler, 156 Tex. 488, 296 S.W.2d 757 (1956). Respondent, on the other hand, says that the requirements of *Oehler* are met by extending the rule of Tex-Jersey Oil Corp. v. Beck to opinion witnesses as held in United States v. Certain Land in the City of Fort Worth, Texas, 414 F.2d 1026 (5th Cir. 1969).

Dallas Railway & Terminal Co. v. Oehler involved an attempt by trial interrogation of adverse witnesses to obtain the names of street car passengers obtained by the driver following the accident which resulted in the death action. No effort had been made to utilize Rule 167 and the problem was dealt with as one of evidence. We said:

" * * * There is nothing in this record to establish the relevancy and materiality of the names of the passengers in the car. Respondent does not claim that a predicate was being laid for testing the credibility of the witnesses being questioned, or for impeaching them. Neither is any other reason suggested for contending that a mere list of names had any bearing on any issue in the case. What respondent hoped for, of course, was to require that the names of the passengers be divulged so that they could be called as witnesses in the case. The ends of justice might have been better served by calling all of the known passengers to the witness stand. As to that we cannot say, for we have no way of knowing whether any of such passengers could have or would have given testimo-

ny of value. The fact that the ends of justice might have been better served by calling all occurrence witnesses does not, however, make their names relevant and material as evidence."

The court of civil appeals in Biggers v. State, 358 S.W.2d 188, 191 (1962), held,

"[C]onsistent with the Texas decisions on privileged communications, we think that an expert valuation witness can indeed be compelled to testify as to an opinion of value which is based on an examination of the property to be valued, made during and pursuant to his engagement as an appraiser by the party adverse to the one offering the testimony."

We said as to this [State v. Biggers, 360 S.W.2d 516, 517 (1962)]:

"We approve the holding of the Court of Civil Appeals that the trial court erred in refusing to permit respondents, who tendered payment of a reasonable fee, to interrogate the witness Cowley with respect to his opinion, if any, of the value of the land taken in the eminent domain proceeding and the diminished value, if any, of the remainder of respondents' land."

We further made clear that we were not holding that the landowners could also prove by the witness, or independently, that he was employed by the condemnor to appraise the property. We said that such proof could have no relevancy to the issues in the case since its tender could be only to support the credibility of the witness which had not been attacked, or to create the impression that the condemnor was suppressing evidence when such is not the case where an employed expert is not called to testify.

*Biggers* thus settled the rule that a party to an eminent domain proceeding may upon tender of the proper fee compel an expert appraiser originally engaged by the adverse party to testify as to his value opinions, and that the evidence is not inadmissible on any theory of privilege or work product. See also City of Houston v. Autrey, 351 S.W.2d 948 (Tex.Civ.App. writ ref'd n. r. e. 1961) and City of Austin v. Capitol Livestock Auction Co., 434 S.W.2d 423 (Tex.Civ.App. rev. on other grounds, 453 S.W.2d 461). In each of these cases the identity of the appraiser retained by the adverse party was known.

■ *Oehler* says, as applicable here, that although the ends of justice might be served by calling all expert appraisers who may have viewed the property in question, their *names* are not thereby rendered material and relevant. Respondent argues relevancy and materiality of the names on the theory that it was entitled to call the appraisers as witnesses under *Biggers* and also to comment in argument upon the failure of petitioners to call them, consistent with *Tex-Jersey,* and as held in *Certain Land in the City of Fort Worth, Texas.* We do not agree. As before noted, *Biggers* did not decide any question regarding the relevancy of the name of an appraiser witness retained by the adverse party, but held that such a witness could upon tender of a proper fee be interrogated with respect to his value opinions. *Biggers* also ruled that the failure to present the testimony of one employed to express an expert opinion is not a suppression of evidence and this holding carries the necessary inference that comment on such failure is impermissible. Accordingly, the name of the appraiser is not relevant for purposes of laying a predicate for fair comment. Nor does the fact that the testimony of an appraiser may be relevant and more than cumulative render testimony relevant as to their names. The ruling in *Oehler* is therefore controlling. *Tex-Jersey* did no more than approve the right of fair comment upon the failure of the opposite party to call an employee who was legally available, and who obtained or was clearly in a position to obtain, material information on a point at issue in the litiga-

**362**

tion. The case did not speak to the situation in *Biggers* where a witness had been employed to investigate and evaluate facts and report an expert opinion. We declined in *Biggers,* as we do here, to extend the rule of *Tex-Jersey* to expert appraisal witnesses in eminent domain proceedings, or to adopt the federal rule of *Certain Land in the City of Fort Worth.*

The foregoing will require a reversal of the judgment of the intermediate court and an affirmance of the judgment of the trial court unless the judgment of reversal of the court of civil appeals was correct under other points of error urged by respondent as appellant there. We have examined these points and agree with the holdings there made that none present reversible error.

■ Since the judgment of the intermediate court must be reversed, we are required to rule on a procedural matter. In a supplemental brief filed after the granting of writ of error respondent "requests" dismissal of the application upon the contention that there were independent grounds upon which the court of civil appeals based its decision which petitioners did not challenge and as to which the right of review has been waived, citing *City of Deer Park v. State,* 154 Tex. 174, 275 S. W.2d 77 (1955). Our construction of the opinions below is that the controlling ruling of the intermediate court was that respondent had the right to inquire as to the names of other expert appraisers retained by the landowners so that they might be called as its witnesses. This was the basis of the reversal and remand and it was of this that petitioners complained in their motion for rehearing in the court of civil appeals and in their application for writ of error. The request of respondent for dismissal of the application is denied.

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.