Ronald D. WERNER, Individually a/n/f
of Teri Rene Werner, Relator,

v.

Honorable George MILLER,
Judge, Respondent.

No. B–7791.

Supreme Court of Texas.

March 21, 1979.

James H. Brannon, Houston, for relator.

Vinson & Elkins, Raybourne Thompson, Jr., Houston, for respondent.

BARROW, Justice.

Relator seeks a writ of mandamus requiring respondent, the Honorable George Miller, Judge of the 113th Judicial District Court of Harris County, to vacate interlocutory orders dated March 14, 1978 and July 19, 1978 and to enter an order compelling International Harvester Company, defendant in a products liability suit brought by relator, to answer certain interrogatories. The question presented is whether entry of the July 19, 1978 order which superseded the March 14 order [1] was a clear abuse of discretion by respondent. We hold that it was not and deny the mandamus.

Werner filed suit against International Harvester on October 24, 1977 seeking to recover damages for injuries sustained by his minor daughter when her right leg came in contact with the rotary blade of a lawn tractor allegedly designed, manufactured and sold by defendant. It was alleged that the injuries were caused "by the negligence and defective design and manufacture on the part of the Defendant." Commencing shortly after the suit was filed, the attorneys for both parties have expended a great

---

1. Any error in this or any other superseded interlocutory order would be properly reviewable by appeal.

deal of personal and judicial time in unsuccessful efforts to require the opposing attorney to reveal the names of his expert witnesses first. Both parties filed two sets of interrogatories and at least three hearings have been held before the trial court without the names of any potential expert witnesses being revealed.

Following the third hearing, Judge Miller entered the order dated July 19, 1978 which provides for discovery in the following manner:

"[T]he party setting the cause for trial shall designate, thirty (30) days prior to filing written trial setting of this cause, such experts as he may wish to call as testifying witnesses. It shall be the responsibility of the party wishing to set the cause for trial to file with the papers of this cause and serve upon opposing counsel written designation of experts reflecting the name, address and area of expertise of said expert thirty (30) days prior to the filing of written trial setting of this cause by said party. Upon receipt of the designation of the party wishing to set this cause for trial, the other party shall, within two (2) days of the date of service of said designation, designate, in writing, filed among the papers of this cause and served upon opposing counsel, experts who may testify in his behalf in the captioned matter. Experts not designated as provided by this Order shall not be allowed to testify."

■ We do not believe that this order setting up a timetable for orderly discovery proceedings was an abuse of discretion. To the contrary, it breaks the procedural logjam and permits discovery. It is fair to both sides and easy to administer. Only testifying experts need be identified and those, disclosed almost simultaneously, at a date certain, well in advance of trial.

■■ It is well settled that Texas discovery rules provide that a party may be required in his answers to interrogatories to identify each person *whom he expects to call* as an expert witness at the trial and to state the subject matter on which the expert is expected to testify. This broad right

to discovery is limited under Texas discovery practice by the "work product" limitation which has been a part of our Texas Rules of Civil Procedure from their inception. This limitation, which differentiates the Texas discovery practice from the Federal practice, protects from disclosure the mental impressions and opinions of experts used solely for consultation and who will not be witnesses in the case. This limitation was expressly recognized by this Court in *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977); *Barker v. Dunham,* 551 S.W.2d 41 (Tex.1977); and *Houdaille Industries, Inc. v. Cunningham,* 502 S.W.2d 544 (Tex. 1973). Furthermore, it has been held that the names of experts used only as consultants are irrelevant and immaterial. *Boyles v. Houston Lighting and Power Company,* 464 S.W.2d 359 (Tex.1971).

The principal question before us in this proceeding, which was not involved in *Barker* or *Houdaille,* is at what stage of the proceedings must a party "positively aver" that an expert consultant will not be a witness? This declaration obviously should be made in sufficient time to permit the opposing party to discover the reports, factual observations, and opinions of the potential expert witness. On the other hand, the party employing the consultant must be given sufficient time to develop his case so that an intelligent decision can be made regarding the use of the expert. This right was respected by the parties and this Court in *Allen v. Humphreys, supra* at 804. To hold otherwise would prevent either party from employing a consultant to investigate an accident without the risk of furnishing a potential expert witness or at least a theory of recovery or defense to the opposing party. One party should not be allowed to benefit unduly from the other party's diligent preparation. This would impede, not aid, discovery.

■ The decision of when to require a party to aver that the expert will not be a witness is properly left to the discretion of the trial judge who is in the best position to supervise the progress of the case. Judge Miller was exercising that supervision in

entering the order of July 19. His order permitted discovery; it did not prohibit discovery as was the case in *Barker.*

We recognize that full discovery proceedings including the taking and transcribing of depositions might require more than thirty days. Judge Miller undoubtedly had this in mind when he required the designation of experts to be made at least thirty days *prior* to that party's written request for a trial setting. Under the Harris County District Court local rules, the *request* for a trial setting does not grant a specific trial date, but merely places the cause upon the general trial docket. We were informed by counsel for relator at oral argument that the date for the actual trial is now some two years from the time it is placed on the docket. Irrespective of the accuracy of this prediction, the trial court is in the best position to determine if the timetable allows sufficient time for discovery.

This Court is concerned over the great loss of time and judicial resources through "discovery gamesmanship" of both parties in this cause. However, we believe the supervision of the trial docket is properly left to the discretion of the trial judge. This Court does not have the time or the personnel to supervise the trial dockets of this state. It is primarily our function to review causes decided by the fourteen courts of civil appeals and not to stand behind the trial judges as an umpire to immediately second-guess the numerous decisions necessarily made by a trial judge during the course of a trial. Norvell and Sutton, *The Original Writ of Mandamus in the Supreme Court of Texas,* 1 St. Mary's L.J. 177, 183, 184 (1969).

It cannot be said from the record before us that Judge Miller clearly abused his discretion in making the order of July 19, 1978. We, therefore, deny the writ of mandamus.

Dissenting opinion by McGEE, J., joined by POPE, JOHNSON and CAMPBELL, JJ.

McGEE, Justice, dissenting.

I respectfully dissent. The clear language of our rules of civil procedure as well as the policy in this state favoring broad discovery require a prompt disclosure of the requested information in this case.

As a threshold matter, I believe a further exposition of the facts will be helpful to an understanding of this case. On January 25, 1978 [1] Werner filed the following interrogatories:

30. Please state the name, address, and field of expertise of all experts you have consulted in relation to this lawsuit.

31. As to each expert named in answer to the preceding Interrogatory, or to any other expert, do you positively aver that he or she will be used solely for consultation and will not be called as a witness?

Harvester filed objections to these interrogatories, contending that the information sought was privileged and not subject to discovery. Werner, in turn, filed a motion to compel Harvester to answer the interrogatories. On March 6, Judge Miller sustained Harvester's objections, and accordingly signed the order on March 14. Werner then filed the following interrogatories on March 7:

32. Have you consulted with any expert who will be called as a witness in this case?

33. If your answer is "yes" to the preceding Interrogatory, state the full name, address, and field of expertise of each such expert.

34. Have you consulted with any expert in this case whom you might use as a witness or whom you do not know yet if you will use as a witness?

35. If your answer is "yes," state
(a) the number of such experts consulted, including your employees who are also experts, and
(b) the date each expert was first consulted, and
(c) the name and address of each such expert.

---

1. All relevant dates fall within the year 1978 unless otherwise indicated.

On April 19, Harvester filed a motion to compel both parties to designate *only testifying* experts on a date to be set by the trial court. In response, Werner filed a motion on May 23 to compel Harvester to immediately answer Interrogatories 32, 33, 34 and 35. On July 19, Judge Miller denied Werner's motion to compel answers and granted Harvester's motion to designate *only testifying* experts. This order specifically provided that 30 days prior to the filing of the written trial setting the party setting the cause for trial must designate the experts he planned to call as testifying expert witnesses. Any expert not designated according to the provisions of the order would not be allowed to testify.

The questions presented by this proceeding are: (1) whether the trial judge abused his discretion in refusing discovery of consulting experts, and (2) whether the trial judge abused his discretion in delaying discovery of testifying experts until 30 days prior to the filing of the written trial setting. If a clear abuse is found, it is doubtless that a writ of mandamus may issue in a discovery proceeding to correct the trial judge. *See, e. g., Allen v. Humphreys,* 559 S.W.2d 798, 801 (Tex.1977); *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977); *Houdaille Industries, Inc. v. Cunningham,* 502 S.W.2d 544, 546 (Tex.1973).

A majority of the court relies on *Boyles v. Houston Lighting and Power Company,* 464 S.W.2d 359 (Tex.1971) for the proposition that names of experts used only as consultants are irrelevant and immaterial. That case is inapposite to discovery in Texas. *Boyles* was an eminent domain proceeding in which counsel for the condemnor asked the landowner's expert appraisal witness on cross examination if he knew the names of other appraisers who had examined the property on behalf of the landowner. The trial court held the question improper, but the court of civil appeals reversed. On appeal this court affirmed the trial court holding, reasoning that the names were not properly admissible as *evidence. Id.* at 361. The case turned entirely upon this evidentiary problem and *no* question of pretrial discovery was involved.

In this state, pretrial discovery is not governed by the common law rules of evidence. Tex.R.Civ.P. 186a. More importantly, under our rules of civil procedure it is not a ground of objection to discovery that the requested information will not be admissible at trial as long as the information sought appears "reasonably calculated to relate to the discovery of evidence admissible at such trial." Tex.R.Civ.P. 186a; *see* Tex.R.Civ.P. 184. Rule 168 specifically provides that interrogatories may relate to any matter which can be inquired into under Rule 186a. Tex.R.Civ.P. 168. Rule 186a provides in pertinent part:

Unless otherwise ordered by the court as provided by Rule 186b, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons, including experts, having knowledge of relevant facts. It is not ground for objection that the testimony will not be admissible at the trial of the cause in which the deposition is taken if the testimony sought appears reasonably calculated to relate to the discovery of evidence admissible at such trial. . . . Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted shall not extend to the work product of an attorney or to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim, or the circumstances out of which same has arisen, and shall not require the production of written state-

ments of witnesses or disclosure of the mental impressions and opinions of experts used solely for consultation and who will not be witnesses in the case or information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation. *Provided, further, that information relating to the identity and location of any potential party and of persons, including experts, having knowledge of relevant facts, and the reports, factual observations and opinions of an expert who will be called as a witness, are discoverable.* Tex.R.Civ.P. 186a. [Emphasis added].

Under this rule, and particularly the italicized proviso, it is clear that the identity and location of *all* experts possessing knowledge of relevant facts is discoverable. *Id.; see* W. Jordan 1 Modern Texas Discovery § 1.08, at 42 (1974). It is only the written statements, factual observations, mental impressions and opinions of the consulting expert that are subject to the work product exclusion incorporated into Rule 186a.

Moreover, in two recent opinions handed down by this court we specifically held that the proponent of discovery is entitled to a *positive averment* from the deponent if the expert in question would fulfill only a consulting role. *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977); *Barker v. Dunham,* 551 S.W.2d 41, 44 (Tex.1977). Again, this descriptive designation does not invade the work product, but it does minimize surprise and inform the proponent that certain named experts may or may not be deposed depending on their testifying or consulting capacity. *See* W. Jordan, *supra* at 42. *See also Sea Colony, Inc. v. Continental Insurance Co.,* 63 F.R.D. 113, 114 (D.Del.1974).

In accordance with *Allen* and *Barker* and a literal interpretation of Rule 186a, I would hold that an interrogatory may properly inquire into the identity and location, as well as the testifying or consulting capacity, of any expert possessing knowledge of relevant facts. To deny discovery of this matter flies in the face of this authority and constitutes an abuse of the trial court's discretion.

The second issue is whether the trial judge abused his discretion in delaying discovery of testifying experts until 30 days prior to the filing of the written trial setting. The majority holds that "when to require a party to aver that the expert will not be a witness is properly left to the discretion of the trial judge . . . ." I disagree. This is not an ordinary case involving issues of discretionary docket management; this is a discovery case. Our rules of civil procedure provide definite, set procedures for answering interrogatories and, if necessary, for enlarging or shortening the time to answer.

Specifically, Rule 168 provides in pertinent part:

> The party upon whom the interrogatories have been served *shall* serve a copy of the answers on the party submitting the interrogatories within the time specified by the party serving the interrogatories which specified time *shall not* be less than 30 days after the service of the interrogatories, *unless* the court, on motion and notice and for *good cause shown,* enlarges or shortens the time.

Tex.R.Civ.P. 168 [Emphasis added]. There is absolutely no indication in the present record that good cause was either alleged or shown to justify an enlargement of time to answer. Without such a showing, the trial judge abused his discretion in refusing to order Harvester to immediately answer the interrogatories.

Like our other discovery rules, Rule 168 is designed to achieve a speedy and just disposition of litigation with the least possible expense to the litigants. *See* Tex.R.Civ.P. 1. Written interrogatories have been characterized as the most efficient of the discovery tools because "they allow both parties to gather salient information with a minimum investment of time and expense," particularly during the *earlier* phases of pretrial preparation. Sales & Perdue, *The Law of Strict Tort Liability in Texas: Investigation & Discovery,* 14 Hous.L.Rev. 157, 175 (1976–77). Thus, discoverable information inquired into by way of interrog-

atories should be forthcoming unless the deponent has shown good cause for delay.

The respondent contends before this court that the delay was necessary to allow the litigants time to decide which experts would be called to testify. Even if this contention had been properly presented to the trial court, it is nonetheless without merit. In *Barker v. Dunham, supra,* the deponent of discovery resisted the oral deposition of one of its experts, contending that he did "not know yet" whether he would call the expert to testify. We held that the proponent's discovery efforts could not be delayed by such indecision and reasoned that the policy of broad discovery favored allowing oral deposition in the absence of a positive averment that the expert would fulfill only a consulting role. 551 S.W.2d at 44; *accord, Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex.1977). Similarly, the discovery of an expert's identity and location cannot reasonably be delayed simply because a litigant remains undecided as to what capacity the expert will fulfill.

Therefore, I would hold that the proponent of appropriately phrased interrogatories is entitled to a speedy discovery of the identity, location and capacity of the deponent's experts in accordance with the provisions of Rule 168 relating to time for answers. If the deponent is unable to positively aver that the expert in question will be used solely for the purposes of consultation, the proponent will be further entitled to depose the expert as if he were a testifying expert. To hold otherwise encourages an unnecessary hiatus in trial preparation, including delay in further discovery efforts. While keeping the proponent in the dark, such delay also impairs the speedy disposition of litigation, increases expense, and ultimately wastes valuable judicial resources. In my opinion the trial court clearly abused its discretion by rendering its July 19 orders denying *Werner's motion to* compel immediate discovery and granting Harvester's motion to compel discovery of testifying experts 30 days prior to the filing of the written trial setting.

For the reasons stated I would issue the writ of mandamus.

POPE, JOHNSON and CAMPBELL, JJ., join in this dissent.