**JONES & LAUGHLIN STEEL, INC., Relator,**

v.

**The Honorable Michael D. SCHATT-MAN, Judge, Respondent.**

No. 2–83–204–CV.

Court of Appeals of Texas, Fort Worth.

March 7, 1984.

Rehearing Denied March 11, 1984.

William L. Neary, Bickel & Case and Linda G. Moore, Dallas, for relator.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland, and Richard L. Bourland, Fort Worth, for party of interest.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

In this original proceeding, Jones & Laughlin Steel, Inc., relator [hereinafter referred to as relator] seeks a writ of mandamus compelling the Honorable Michael D. Schattman, Judge of the 348th Judicial District Court of Tarrant County, respondent, to vacate his order of November 4, 1983, granting F. Howard Walsh, Jr.'s (plaintiff below) Motion to Compel Answers to Questions Propounded in Deposition, an order which required the completion of the deposition of W.B. Smith, an expert witness and employee of relator.

We conditionally grant the writ.

F. Howard Walsh, Jr. (hereinafter referred to as plaintiff) filed suit pursuant to the Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COMM.CODE sec. 17.41, et seq., against relator and Mid-Continent Supply Company, the manufacturer and supplier, respectively, of a 14,000 foot string of 2⅞ inch tubing alleged to have been defective and, as a result of the defect, to have caused a tubing failure in a gas well. The incident giving rise to the cause of action occurred in May 1982, and plaintiff filed suit in June 1983. In September 1983, plaintiff deposed W.B. Smith, an employee and senior field engineer of technical services for relator.

During the deposition, Smith, upon advice of counsel, refused to answer questions concerning his investigation, examination, and analysis of the tubing in question, and of the metallurgical examination of the fractured tubing made by a metallurgical engineer of EMTEC Corporation, plaintiff's expert, and furnished to Smith. At the time of deposition, relator stated that it had not decided whether Smith would be used as an expert witness at trial or solely a consultant, but as soon as it had made a determination, plaintiff would be informed. Under the Texas Rules of Civil Procedure, if relator decided to designate Smith as an expert witness, plaintiff would be entitled to broad discovery whereas if relator designated Smith as a consultant, plaintiff would not be entitled to depose Smith as requested. TEX.R.CIV.P. 186a.

Plaintiff filed a motion seeking an order from the district court to compel Smith to answer questions concerning the examination and analysis by Smith and relator of the defective tubing, the metallurgical examination performed by EMTEC, and other questions concerning similar matters. Relator opposed the motion on the ground that the questions called for Smith's expert opinion and that it had not had sufficient time prior to time of deposition to complete its investigation of the tubing failure and was, therefore, in no position to designate experts nor had it been requested to do so. The motion to compel was granted and an order issued on October 17, 1983, directing Smith to complete the deposition.

Thereupon, relator filed a motion to reconsider, which was heard on November 1. After hearing counsels' arguments, the trial court indicated it would take a short recess before announcing its decision. At this point in the hearing, counsel for relator in open court designated Smith as a consultant and asked that the record so reflect. Prior to ruling on the motion to reconsider, the trial court stated that, in its opinion, Smith "is a regular employee of [relator] and, therefore, not an expert specially employed for consultation" and that the designation made at the close of the hearing of Smith as a consultant "does not dispose of the matter." The trial court then announced that it had reconsidered its prior order and, finding it too broad, modified the order to specially preclude questions as to matters that are privileged and, to that extent, granted the motion to reconsider. On November 4, 1983, the trial

court entered an order directing Smith to "answer any and all questions concerning the examination and analysis of W.B. Smith concerning the tubing, the subject of this suit, including questions concerning analysis of metallurgical examination of EMTEC and all questions concerning similar and related matters and the deposition of W.B. Smith to be completed in all respects provided that plaintiff may not inquire into any report or communication made by the witness to attorneys for [relator] or to his employer [relator], officers and agents, or any request for information or investigation made by them to him." It is from this order that relator seeks relief by writ of mandamus.

■ It is well established in Texas that a writ of mandamus is a proper vehicle to attack discovery orders and may issue to correct a clear abuse of discretion by a trial judge. *Allen v. Humphreys*, 559 S.W.2d 798, 801 (Tex.1977) and cases cited therein. *See also Menton v. Hon. H.M. Lattimore*, 667 S.W.2d 335 (Tex.App.—Fort Worth 1984) and *Zenith Radio Corporation v. Clark*, 665 S.W.2d 804 (Tex.App.—Austin 1983). This court has jurisdiction to issue writs of mandamus to correct a clear abuse of discretion by a trial court in a discovery proceeding. TEX.REV.CIV.STAT.ANN. art. 1824, effective June 19, 1983. Thus, the question before us is whether the trial court abused its discretion in ordering Smith to answer questions which called for his expert opinions and conclusions.

Rule 186a of the Texas Rules of Civil Procedure, which governs the taking of depositions and discovery in general by explicitly setting forth the scope of a litigant's right to discovery, provides in pertinent part as follows:

Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted shall not extend to the work product of an attorney or to communications passing between agents or representatives or the employees of either party to the suit, or communications between any party and his agents, representatives, or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation, or defense of such claim, or the circumstances out of which same has arisen, and shall not require the production of written statements of witnesses or disclosure of the mental impressions and opinions of experts used solely for consultation and who will not be witnesses in the case or information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation.

■ Relator seeks relief on two bases. First, relator contends that the trial court abused its discretion in ordering Smith to answer questions as to his expert opinions, conclusions, and observations and, in effect, forcing relator to designate whether an expert would be used as a consultant or an expert witness before relator had adequate opportunity to investigate plaintiff's claim, and that the court's action was, therefore, patently unjust and prejudicial. Relator relies on *Werner v. Miller*, 579 S.W.2d 455 (Tex.1979) wherein the Supreme Court recognized a party's right to have sufficient time in which to investigate a claim before being required to designate expert witnesses and stated:

This declaration obviously should be made in sufficient time to permit the opposing party to discover the reports, factual observations, and opinions of the potential expert witnesses. On the other hand, the party employing the consultant must be given sufficient time to develop his case so that an intelligent decision can be made regarding the use of an expert.... To hold otherwise would prevent either party from employing a consultant to investigate an accident without the risk of furnishing a potential expert witness or at least a theory of recovery or defense to the opposing party. One party should not be allowed to benefit unduly from the other party's diligent preparation. This would impede, not aid,

discovery. *Werner v. Miller, supra,* at 456.

Although the Supreme Court in *Werner* did recognize a party's right to have sufficient time to develop its case before having to designate its experts, it did not state at what stage of the proceedings a party must make its designation of expert witnesses, but instead held that the "decision of when to require a party to aver that the expert will not be a witness is properly left to the discretion of the trial judge who is in the best position to supervise the progress of the case." *Werner v. Miller, supra,* at 456.

In the instant case, relator apparently takes the position that the case is in such an early stage of development that the trial court's action in forcing relator to make a designation as to Smith is so patently unfair as to constitute a clear abuse of discretion. The record before us does not support relator's argument. The record reflects that at the time that Smith was deposed on September 27, 1983, relator had had in his possession since July 1982 a copy of the report made by plaintiff's expert, EMTEC Corporation, analyzing the defective tubing. In August 1982, plaintiff supplied relator with pieces of the tubing in question for purposes of its own analysis and investigation. Further, although suit was not filed until June 1983, the parties had been in communication with one another in reference to the tubing failure since June of 1982 and had participated in a settlement conference in February 1983.

In light of the foregoing, we cannot say that relator had not had sufficient time to investigate the claim. Clearly, the trial court is in a better position to make such a determination. We hold that relator is not entitled to relief on this basis.

■ As a second basis for relief, relator contends that the trial court abused its discretion in ordering the completion of Smith's deposition after Smith was designated a consultant. Relator argues that the testimony sought is protected by Rule 186a, *supra,* which provides that "the mental impressions and opinions of experts

used solely for consultation and who will not be witnesses in the case" are not discoverable. *See, e.g., Werner v. Miller, supra,* at 456; *Houdaille Industries, Inc. v. Cunningham,* 502 S.W.2d 544, 548 (Tex. 1973). We agree.

Plaintiff argues that the designation of Smith at the conclusion of the hearing of the motion for consideration and immediately before the announcement of the court's ruling came too late and was, therefore, ineffective to render Smith's expert opinions and conclusions immune from discovery under Rule 186a. In support of his argument, plaintiff cites *Barker v. Dunham,* 551 S.W.2d 41, 44 (Tex.1977), wherein the Supreme Court held that "where a party does not positively aver that the expert in question will be 'used solely for consultation' and will not be called as a witness at trial, the policy of allowing broad discovery in civil cases is furthered by permitting discovery of that expert's reports, factual observations, and opinions." However, we do not find *Barker* supports plaintiff's argument.

In *Barker,* plaintiff sought to depose James Montgomery, vice president in charge of engineering and an employee of defendant. Defendant produced Montgomery and instructed him not to answer certain questions which called for his expert opinion. At the hearing on the motion to compel, counsel for defendant stated under oath that he did not know yet if Montgomery would appear as a witness in the case, but that he might use him. No positive designation was made either way. The Supreme Court held that absent a positive designation as consultant, the expert's reports, factual observations, and opinions are discoverable.

We find *Barker* clearly distinguishable from the instant case wherein the expert, Smith, was positively designated as a consultant. Even though relator delayed making the designation until the last possible minute, the designation is no less effective to render Smith a consultant and to foreclose relator's opportunity to call Smith as an expert witness at trial.

In *Werner v. Miller, supra,* the principal question before the Supreme Court was at what stage of the proceeding must a party "positively aver" that an expert consultant will not be a witness at trial. Both parties had tried unsuccessfully to require the other side to reveal the names of its experts. After a third pretrial discovery hearing, the trial judge issued an order setting up a timetable for orderly discovery which provided that thirty days prior to the filing of the written request for trial setting, the party setting the cause for trial must designate the experts he planned to call as witnesses at trial. On review, the Supreme Court recognized a party's right to have sufficient time to develop his case so that an intelligent decision could be made regarding the use of a potential expert, but also recognized that "the decision of when to require a party to aver that the expert will not be a witness is properly left to the discretion of the trial judge who is in the best position to supervise the progress of the case."

 It is clear from the *Werner* decision that the trial court is given wide discretion in determining at what stage in the case experts must be designated. In the instant case, Judge Schattman, by ordering the completion of Smith's deposition did, in effect, force relator to decide whether Smith would be used solely as a consultant or as an expert witness at trial; however, given the trial court's wide discretion in supervising the progress of discovery, the trial court clearly was acting within its discretion. However, when relator designated Smith as a consultant prior to the trial court's ruling on the motion to reconsider, the trial court abused its discretion in ordering discovery of Smith's mental impressions and conclusions which were then protected from disclosure by Rule 186a. Apparently, as evidenced by his comment prior to ruling on the motion for reconsideration, Judge Schattman acted under the erroneous assumption that Smith could not be designated as a consultant because of the fact that Smith was relator's employee and not specially employed for consultation. However, the rules make no such

distinction and the Supreme Court specifically stated in *Barker v. Dunham, supra,* at 43, that the "rules draw no distinction between an expert who is a regular employee and one who is temporarily employed to aid in the preparation of a claim or defense."

Accordingly, we hold that the trial court abused its discretion in ordering Smith to complete the deposition and to answer questions as to his expert opinions and conclusions after he had been designated as a consultant.

We anticipate that Judge Schattman will vacate his order of November 4, 1983, granting the motion to compel completion of Smith's deposition, and enter an order consistent with this opinion. Should he fail to do so, the Clerk of this Court will be instructed to issue a writ of mandamus.