**ACKERMAN & CO., Appellant,**

v.

**Paul W. COX and Kathryn Cox, Appellees.**

**No. 01–88–00147–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1989.

S. Craig Daniell, Houston, for appellant.

G.P. Matherne, Houston, for appellees.

Before HUGHES, WARREN and DUNN, JJ.

## OPINION

HUGHES, Justice.

The appellant, a real estate broker, appeals from a judgment decreeing: (1) that it take nothing on its suit for a real estate commission; (2) that the earnest money be divided between it and appellees; and (3) that appellees recover trial and appellate attorney's fees.

Appellees listed their home for sale with appellant, a realty corporation. Appellant found a potential buyer, and on August 8, 1984, appellees executed a residential earnest money contract, agreeing to sell their home to Larry and Toya Gennusa.

The earnest money contract provided, among other things, that: (1) appellees were to pay appellant a commission equal to 6% of the selling price; (2) the sale was to close on September 28, 1984; (3) the Gennusas, as buyers, would apply for a loan within five days after August 8, 1984;

and (4) if the buyers defaulted, the $1,000 earnest money deposited by buyers would be divided equally between the appellant and appellees.

Appellees had second thoughts about selling their home and inquired as to the penalty, if any, should they decide not to sell. Appellant then found another home suitable to the Gennusas, and acted as one of the brokers on a sale of that home to the Gennusas on October 24, 1984.

Appellant then sued appellees for breach of the listing and earnest money contracts, seeking $4,740 as damages for the loss of commission on the sale of appellees' home to the Gennusas, and the $1,000 earnest money deposited by the Gennusas. Appellees denied breaching the contract for sale, and alleged that the Gennusas breached the contract by failing to timely apply for a loan, and that appellant breached by failing to set the closing for September 28.

The main questions in the case are: (1) whether appellees' acts constituted a breach of the earnest money contract, or were such that the Gennusas and appellant could have considered appellees' acts to be an anticipatory breach; and (2) whether appellant pled and proved that it was a duly licensed real estate broker or salesman at the time the services were commenced.

Appellant's evidence at trial consisted of the testimony of Dennis Patillo, appellant's executive vice-president, and appellee Paul W. Cox. Appellant offered appellee Kathryn Cox's testimony, but it was excluded by the court because appellant had not listed her as a witness on its pre-trial order.

Patillo testified that appellant, as a licensed realtor, entered into an exclusive listing contract with appellees, which contract provided that if appellant found a buyer, appellees would pay appellant a commission equal to 6% of the selling price. He testified that, according to the company's records, appellant furnished the appellees a willing buyer, but the sale was not consummated because appellees refused to allow an appraisal to be made. He also laid a proper predicate to show that appel-

lant's Exhibits 1B through 1N were business records of the company. These records were excluded by the court because they were not listed on the court's required pre-trial order as part of appellant's proposed evidence.

Appellant called Paul W. Cox as an adverse witness, and Cox testified that he never refused to sell his home to the Gennusas. He admitted that he asked the listing salesman if he could refuse to sell the house without penalty, but decided to continue with the sale when she told him he could not. He testified that he remained willing to abide by the terms of the listing agreement until it expired in January 1985.

After appellant rested, the court granted appellees' motion for instructed verdict.

In its finding of facts and conclusions of law, the court found, among other things, that: (1) the parties entered into the contract; (2) appellees asked appellant about their liability if they refused to sell, but never refused to sell and reaffirmed their intentions to abide by the contract; (3) the closing on the earnest money contract was never scheduled; (4) the Gennusas abandoned the contract, and on September 14, 1984, contracted to purchase another home; and (5) appellant failed to allege and prove that it was a duly licensed real estate broker or salesman at the time services were commenced.

■ Appellant first complains that the court wrongfully excluded its Exhibits 1A through 1P. They were excluded because appellant had not listed them as proposed evidence on its order requiring a pre-trial status report. The order required the parties, prior to trial, to name the witnesses they expected to call and the exhibits they intended to offer during the non-jury trial. The order stated that non-compliance with its provisions would result in exclusion of the evidence. Appellant contends that it was beyond the court's power to make such a requirement. We disagree. A trial court has the power to require the parties to designate in writing that evidence which it intends to present on its case-in-chief at trial, and to refuse to admit evidence that is not designated. *Werner v. Miller*, 579

S.W.2d 455, 456 (Tex.1979); Tex.R.Civ.P. 166(g). Further, almost all of the admissible evidence contained in the exhibits was verbally proven at trial without objection.

Appellant's first and second points of error are overruled.

In its next 13 points of error, appellant complains of the trial court's findings of fact and conclusions of law. Some of the findings are erroneous because there is no evidence that the events occurred on the dates given. Others are simply incorrect. However, these incorrect findings do not affect our disposition of the case because other correct and material findings are sufficient to support the verdict.

■ First, appellant alleges that the court erred in finding that appellant failed to allege and prove that it was a duly licensed real estate broker, as required by Tex.Rev.Civ.Stat.Ann. art. 6573a, § 20(a) (Vernon Supp.1989). Appellant's petition described itself as a corporation duly licensed to transact business in Texas. It did not mention that it is a licensed broker or salesman. Appellant contends that the residential earnest money contract, attached to the petition as an exhibit, specifically sets out its "position" as a real estate broker, gives its Texas broker's license number, and as such, satisfies the pleading requirement.

Article 6573a, § 20(a), provides in part: A person may not bring or maintain an action for the collection of compensation for the performance in this state ... without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced....

The sales contract, attached as an exhibit, does not state that either the salesman or broker was licensed as a real estate broker or salesman at the time the services were commenced. The contract does reflect appellant, Ackerman & Co., as co-broker, and appellant's license number, and Ackerman & Co. by Sherry Langford, with Langford's license number as listing broker, but it reflects nothing further. It

makes no reference to the license as a real estate broker's or salesman's license, nor to the real estate licensing act. The allegations of appellant's pleadings do not satisfy the requirements of art. 6573a, § 20(a). The exhibit, unaccompanied by allegations of appellant's broker status in the pleadings, is insufficient to satisfy the statutory pleading requirements. Therefore, appellant is not entitled to recover its commission.

Point of error 13 is overruled.

In view of our holding on this point, we need not consider appellant's remaining points of error concerning the court's take-nothing judgment.

Appellant, in its 17th point of error, claims the trial court erred in awarding appellees $4,500 in attorney's fees.

■ The residential earnest money contract provided that the prevailing party in any legal proceeding between the signatories to the contract would be entitled to costs and attorney's fees against the non-prevailing party. Appellees' attorney testified that he had expended in excess of 44 hours plus trial time, and that he was charging $100 per hour. After much prompting and instruction from the court, he testified that his fees were reasonable and necessary. The evidence was sufficient to support the award.

In points of error 18 through 21, appellant complains about the award of appellate attorney's fees. Even with the court's continuous prompting, the witness was unable to show that he had the knowledge or expertise to testify to the reasonableness of the appellate fees. The evidence was legally and factually insufficient to support an award of appellate attorney's fees. We sustain these points of error.

In its 16th point of error, appellant contends that the trial court erred in finding that appellees were entitled to one-half of the earnest money deposited by the Gennusas. The contract provided if the buyer breached the contract, the seller and broker would each be entitled to one-half of the earnest money. The court found that the buyers abandoned the contract by entering into another earnest money contract on September 14, 1984, for the purchase of another home. This finding is supported by the record.

Appellant's 16th point of error is overruled.

We reverse that part of the judgment awarding appellate attorney's fees, and render judgment that appellees take nothing as appellate attorney's fees on appeal. Otherwise, the judgment is affirmed.