Juan **CASTELLANOS** and Rosa Castellanos, Individually and as Next Friends of Bruno Castellanos, Juan J. Castellanos, Jr., and Anuar Castellanos, Minors, Relators

v.

The Honorable Janet P. **LITTLEJOHN** and The Honorable Martha B. Tanner, Respondents.

No. 04–97–00072–CV.

Court of Appeals of Texas, San Antonio.

April 16, 1997.

David McQuade Leibowitz, David McQuade Leibowitz, P.C., San Antonio, for relators.

Joe Frazier Brown, Jr., Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for respondents.

Before HARDBERGER, C.J., and GREEN and DUNCAN, JJ.

DUNCAN, Justice.

The Castellanos inadvertently designated Dr. Perez, a consulting expert, as a testifying expert witness as a result of a clerical error. Later, after the Castellanos attempted to "de-designate" Dr. Perez as a testifying expert and instead name him as a consulting expert, the trial court granted Kroger's motion to compel discovery from Dr. Perez. The Castellanos now seek a writ of mandamus to require that this order compelling discovery be withdrawn. We conditionally grant the writ because, as a consulting expert, Dr. Perez's "identity, mental impressions and opinions," "any documents or tangible things containing such information," and the facts made known to him solely as a result of the consultation, are exempted from discovery by section 3(b) of Rule 166b, TEX. R.CIV.P., and *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 554 (Tex.1990).

### FACTUAL AND PROCEDURAL BACKGROUND

The Castellanos sued Kroger Company for injuries sustained by Juan Castellanos when he fell on Kroger's premises. In his second supplemental answers to Kroger's interrogatories, Castellanos identified Dr. Francisco Perez as one of the twenty-seven persons and entities he might call at trial to testify as an expert witness; accordingly, on June 26, 1996, Kroger noticed Dr. Perez for a deposition on written questions. On October 25, 1996, however, Castellanos "de-designated" Dr. Perez as a testifying expert. Nonetheless, on December 3, 1996, Kroger asked that Castellanos sign and return a medical record release authorization directed to Dr. Perez. When Castellanos failed to provide the requested release, Kroger filed a motion to compel.

Kroger's motion was heard by the respondent, Judge Littlejohn, on December 27, 1996. At this hearing, Castellanos attempted to introduce the affidavit of his attorney-of-record to establish that he retained Dr. Perez merely as a consulting expert witness. Kroger's attorney objected to this affidavit, however, "because it states an opinion of an attorney indicating that the doctor is consulting only, whereas the physician would be the proper person or proper entity to bring forth the evidence to the Court as to what his treatment consisted of." Judge Littlejohn agreed and indicated on the record that she would not consider the affidavit. Kroger's attorney then went on to argue that "the Court has really no alternative because what

the rule says is that the Court shall order all records or medical records pertinent to the injuries or any portion of the injuries where personal injury is being alleged to be disclosed. There's no give or take in that. The rule is very clear on that, that it says that they shall be disclosed." Judge Littlejohn granted the motion to compel and ordered that the medical records be delivered to her for an *in camera* inspection.

Castellanos filed a motion to reconsider and supported this motion with Dr. Perez's affidavit, which stated that (1) he was contacted by Castellanos' attorney for purposes of a consulting evaluation concerning pending litigation, not for the purposes of treatment; (2) he interviewed Castellanos one time, and (3) he had not treated him. Castellanos' attorney also testified, stating that Dr. Perez was "merely a consulting expert" who had been "designated [as a testifying expert] as a result of an inadvertent error in [the attorney's] office.... It was an error, a clerical error, on behalf of the secretary trying to put the finishing touches on discovery in order to meet the 30–day deadline prior to trial." On cross-examination, Kroger's attorney established that Castellanos' mental state was an issue in the lawsuit, and Castellanos sought damages for "a diminishment in his mental capacity," as well as for "medical expenses expended for treatment by psychologists, psychiatrists, and hospitalization." Castellanos' attorney further agreed that Dr. Perez was designated as a testifying expert in June 1996,[1] the case was continued in July 1996, and Dr. Perez was not "de-designated" until October 1996. No questions were asked regarding the reason for the delay between the designation and "de-designation" or between the notice of deposition and "de-designation."

After this evidence was introduced, Kroger's attorney argued that "what we have

here is a situation where the plaintiffs are contending that they are entitled to a privilege under [Rule 166b(3) ] under the exemptions which is in direct contradiction to [Rule 166b(2)(h) ] in which it states that the Court must furnish and plaintiffs must furnish full disclosure of medical records when there's an allegation of physical or mental injury." Kroger's attorney later argued that Rule 166b "doesn't give any leeway in this regard. It doesn't say that the Court may or may not. It says that when this becomes an issue, upon written request—which has been done in this case—that the medical records are to be produced." In response to these arguments, Judge Littlejohn appeared to focus on the purported conflict between Rule 166b(2)(h), which requires the disclosure of medical records reasonably related to an alleged physical or mental injury or damages relating thereto, and Rule 166b(3)(b), which protects consulting experts from disclosure. At the end of the hearing, Judge Littlejohn denied the motion to reconsider[2].

## STANDARD OF REVIEW

An abuse of discretion is shown, with respect to factual matters, only when the record establishes that "the trial court could reasonably have reached only one decision." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.*

## DISCUSSION

"Except as provided in paragraph 3 of [Rule 166b]," the scope of discovery is that set forth in Rule 166b(2). TEX.R.CIV.P.

---

1. Castellanos' attorney accepted the designation date provided by Kroger's attorney in questioning. Dr. Perez was actually designated as an expert witness in Castellanos' second supplemental answers to Kroger's interrogatories in November of 1995.

2. Judge Littlejohn signed the order granting the motion to compel as a visiting judge, but Judge Martha B. Tanner is the permanent judge of the 166th Judicial District Court. Although the Castellanos initially named only Judge Littlejohn as

respondent, they later supplemented their petition to name Judge Tanner as an additional respondent. *See Humana Hosp. Corp. v. Casseb,* 809 S.W.2d 543, 544 n. 1 (Tex.App.—San Antonio 1991, orig. proceeding). *But see Rios v. Calhoon,* 889 S.W.2d 257, 258 n. 1 (Tex. 1994)(court on its own motion changed respondent from named appellate court to appropriate trial judge); *Loftin v. Martin,* 776 S.W.2d 145, 145–46 n. 1 (Tex.1989)(same).

166b(2). Specifically, pursuant to subparagraph 2(h) of Rule 166b, "[a]ny party alleging physical or mental injury and damages arising from the occurrence which is the subject of the case shall be required, upon written request, to produce, or furnish an authorization permitting the full disclosure of, medical records not theretofore furnished to the requesting party which are reasonably related to the injury or damages asserted." TEX. R.CIV.P. 166b(2)(h). However, pursuant to subparagraph 3(b), "[t]he identity, mental impressions and opinions of an expert who has been informally consulted or of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial or any documents or tangible things containing such information" are exempted from discovery "if the expert will not be called as an expert witness." TEX.R.CIV.P. 166b)(3)(b). Also exempted from discovery are the facts known to the consulting expert if his or her " 'only source of factual information was the consultation.' " *Axelson*, 798 S.W.2d at 554 (quoting Charles W. Barrow and Jay H. Henderson, *1984 Amendments to the Texas Rules of Civil Procedure Affecting Discovery*, 15 ST. MARY'S L.J. 713, 729 (1984)). There is therefore no conflict between subparagraphs 2(h) and 3(b), as argued by Kroger's attorney—subparagraph 3 simply limits subparagraph 2. Accordingly, if Dr. Perez was a consulting-only expert, his identity, mental impressions, and opinions, as well as the documents reflecting this information and the facts made known to him during the consultation, are exempted from discovery.

■ The uncontroverted evidence before the trial court establishes that Dr. Perez was retained as a consulting-only expert and was designated as a testifying expert only because of a clerical error. The issue presented, therefore, is whether a party who has inadvertently listed a consulting-only expert as a testifying expert may "de-designate" him to reflect his proper status. We believe the party can do so, so long as the "de-designation" does not constitute "an offensive and unacceptable use of discovery mechanisms" or "violate[ ] the clear purpose and policy underlying the rules of discovery."

*Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 560 (Tex.1990); *see also id.* at 560 n. 8.

In *Tom L. Scott, Inc.*, the initial plaintiffs (Arkla, Stephens, and Key) and certain third-party defendants (Sooner, Hydril, and Babcock & Wilson) designated six experts as testifying experts. *Id.* at 558. These experts, allegedly, "were prepared to deliver damaging testimony against Apache and El Paso," the original defendants to the suit. *Id.* at 557–58. However, on the morning their depositions were to have been taken, "Apache and El Paso settled with these parties on the condition that [they] gain control of the experts. Following execution of the settlement, Apache and El Paso, along with the settling parties, redesignated all six as *consulting-only* experts." *Id.* at 558. The trial court permitted the redesignation and denied requests by the intervening plaintiffs to depose the experts. *Id.* In the subsequent mandamus proceeding, the supreme court framed the issue as "whether a party may obtain an adversary's testifying experts and redesignate them as consulting-only experts to avoid discovery." *Id.*

In reaching its decision, the court recognized that "[t]he primary policy behind discovery is to seek truth so that disputes may be decided by facts that are revealed rather than concealed." *Id.* at 559. The court also recognized that "[p]rivileges from discovery run contrary to this policy but serve other legitimate interests." *Id.* The consulting expert exemption, for instance, is grounded upon a policy that seeks "to encourage parties to seek expert advice in evaluating their case and to prevent a party from receiving undue benefit from an adversary's efforts and diligence." *Id.; see also General Motors Corp. v. Gayle*, 924 S.W.2d 222, 230 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding [leave denied] ). In the absence of such a privilege, there would be a reluctance to consult because the party would be forced to "live or die by the unknown opinion of the expert consulted." *Gayle*, 924 S.W.2d at 230.

Balancing these competing interests, the supreme court held that "the redesignation of experts *under the facts of this case* violates the policy underlying the rules of discovery and is therefore ineffective." *Tom L.*

*Scott, Inc.,* 798 S.W.2d at 560 (emphasis added). In a footnote to its holding, however, the court distinguished the cases relied upon by the court of appeals, because "[n]either ... involved a bargain between adversaries to suppress testimony...." *Id.* at 560 n. 8. One of the two cases thus distinguished was *Jones & Laughlin Steel, Inc. v. Schattman,* 667 S.W.2d 352, 355–56 (Tex.App.—Fort Worth 1984, orig. proceeding), in which a party's employee was not designated as a consulting-only expert until *after* his deposition had commenced, *after* the court had granted a motion to compel him to answer questions concerning his expert opinions, and *after* arguments were heard on a motion to reconsider. *Id.* at 353, 355. The court held that even though the designation was delayed until the last possible minute, the trial court abused its discretion in ordering discovery of the employee's opinions and mental impressions "after he had been designated as a consultant." *Id.* at 356. As evidenced by the narrow holding in *Tom L. Scott, Inc.* and its distinction of *Schattman,* Texas law permits a testifying expert to be "de-designated" so long as it is not part of "a bargain between adversaries to suppress testimony" or for some other improper purpose

■ The uncontroverted direct evidence establishes that Dr. Perez was retained as a consulting-only expert, but designated as a testifying expert as a result of a clerical error, and there is no direct evidence or reasonable inference of an improper purpose in this case.[3] Therefore, the inadvertent designation of Dr. Perez as a testifying expert is not a proper basis for compelling the disclosure of Dr. Perez's medical records.

3. It might be argued that an improper purpose could be inferred from Castellanos' delay in "de-designating" Dr. Perez, particularly after his deposition was noticed. We do not believe such an inference would be reasonable or permissible, however, for several reasons. First, Kroger's attorney never made this argument, and his cross-examination of Castellanos' attorney never suggested it. Nor is there any other indication in the record that this might have been a basis for the trial court's ruling. Second, even if an inference of improper purpose were a basis for the trial court's ruling, it would be utterly inconsistent with fundamental principles of legal sufficiency. *See, e.g., $56,700 in U.S. Currency v.*

■ Although not asserted before the trial court, Kroger contends in its response in this court that Castellanos failed to prove that Dr. Perez was a consulting-only expert. In support of this contention, Kroger places much reliance on the fact that neither Dr. Perez nor Castellanos' attorney used the magic words "reviewed by" in testifying that the medical records were not disclosed to other experts. Kroger concludes that since Castellanos failed to prove that Dr. Perez's opinions or impressions were not "reviewed by" a testifying expert, Castellanos failed to prove that Dr. Perez was a consulting-only expert.

One of the most troubling aspects of Kroger's argument is that it was never asserted before Judge Littlejohn; therefore, Castellanos never had the opportunity to present additional testimony in rebuttal to this argument. However, despite Kroger's failure to present this argument before Judge Littlejohn, we believe the record establishes that the only reasonable decision that she could reach was that Dr. Perez qualified as a consulting expert.

At the hearing on Castellanos' motion to reconsider, Dr. Perez's affidavit was introduced into evidence. The affidavit states that Dr. Perez did not treat Castellanos. The affidavit further states that Dr. Perez "did not prepare a report concerning [his] examination of Mr. Castellanos, nor did [he] communicate [his] opinions or mental impressions verbally or in writing to anyone other than those in [his] employ and the Law Offices of David McQuade Leibowitz, P.C." In addition, Mr. Leibowitz testified that Dr. Perez never conveyed any information or opinions to any testifying expert. Finally,

*State,* 730 S.W.2d 659, 662 (Tex.1987) ("[w]hen circumstances are consistent with either of two facts and nothing shows that one is more probable than the other, neither fact can be inferred"); *see also Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 278 (Tex.1995) (circumstantial evidence that raises a mere suspicion is not probative); *Convalescent Services, Inc. v. Schultz,* 921 S.W.2d 731, 734 (Tex.App.—Houston [14th Dist.] 1996, writ denied) (trial court may rely on circumstantial evidence to establish a material fact, but "the circumstances relied upon to establish [the] fact must have probative force to constitute a basis of legal inference").

Mr. Leibowitz summarized the evidence presented at the hearing as follows:

> Dr. Perez has outlined in his affidavit. I have testified as well, Your Honor, that I did hire Dr. Perez in anticipation of litigation that he is not going to testify as an expert witness, nor has he communicated in any way, shape or form with any other testifying expert, nor have any impressions, documents, anything that Dr. Perez may have compiled been conveyed either verbally or in writing to any testifying expert.

The competency of the witnesses was not challenged, no cross-examination was undertaken by Kroger to refute the testimony on this issue, and no controverting evidence was presented.

Kroger also argues that we must also consider the information Judge Littlejohn may have obtained in reviewing the medical records produced by Dr. Perez *in camera.* However, Judge Littlejohn expressly stated at the hearing on the motion to reconsider that "[Dr. Perez's records] are sitting on my desk. I haven't had a chance to read them."

## CONCLUSION

A testifying expert could not review the opinion or impressions of an expert that are not conveyed to him, and the uncontroverted evidence establishes that Dr. Perez's opinion and impressions were never conveyed, verbally or in writing, to any testifying expert. Therefore, the only decision reasonably established by the record, and, therefore, the only conclusion that Judge Littlejohn could have reached, is that Dr. Perez qualified as a consulting-only expert, and, therefore, his "identity, mental impressions and opinions," "any documents or tangible things containing such information," and the facts made known to him solely as a result of the consultation are exempted from discovery by section 3(b) of Rule 166b, Tex.R.Civ.P., and *Axelson,* 798 S.W.2d at 554. When an order requires the disclosure of information exempted from discovery, mandamus is appropriate, because the remedy by appeal is inadequate. *Walker,* 827 S.W.2d at 843.

We hasten to add, however, that we recognize that time is the great luxury of appellate judges—a luxury denied trial judges, who must frequently rule, quickly and decisively, without a thorough review of the organizational structure of the rules and pertinent case law. Anticipating that the order granting Kroger's motion to compel will be withdrawn, we therefore conditionally grant the Castellanos' petition for writ of mandamus. The writ will issue only upon certification to this court that Judge Tanner has not withdrawn the order within ten days of this opinion.