No. 04-99-00571-CV

IN RE Michael DAVILA

Original Mandamus Proceeding

Arising from County Court at Law No. 2, Bexar County, Texas

Trial Court No. 247415

Honorable Paul Canales, Judge Presiding(1)

Opinion by: Phil Hardberger, Chief Justice

Concurring opinion by: Paul W. Green, Justice

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: September 22, 1999 

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 Michael Davila ("Davila") seeks mandamus relief from an order granting the motion to
disqualify his attorney filed by Chateau Dijon Townhome Owners Association ("Association"). We
conditionally grant the writ because the Association waived its right to seek the attorney's
disqualification by failing to timely file its motion.

Factual and Procedural History


 The lawsuit underlying this proceeding arises from the Association's towing of Davila's car
in December of 1997. Davila filed suit against the Association in August of 1998, asserting that the
towing violated the Declaration of Covenants.

 On or about December 8, 1998, Davila's brother, Mark Davila, who was the attorney
representing Davila in his suit, appeared in the offices of the Association and informed the on-site
property manager that he wanted to review certain records of the Association. The on-site property
manager stated in her affidavit that she was unaware that Davila's attorney did not have permission
from the attorney representing the Association, Tom Newton, to communicate with her or review
the documents. The manager stated that Davila's attorney was allowed to review various documents,
including some documents that constitute attorney-client communications between the Association
and lawyers other than lawyers handling the Davila case.

 Before appearing at the offices, Davila's attorney said that he spoke with a board member
of the Association, who approved his review of the records. Davila's attorney stated that he had the
right to review the records under the Declaration of Covenants and the Texas Non-Profit Corporation
Act and was only seeking a convenient time to conduct this review. Davila's attorney copied several
documents.

 Upon discovering what occurred, Newton contacted Davila's attorney and demanded the
return of the documents. Davila's attorney inventoried the documents and returned the copies to
Newton with a cover letter dated December 9, 1998. The letter states that in addition to the
documents inventoried in the letter, Davila's attorney also reviewed transcripts of Board meetings.
Davila's attorney apologized for going behind Newton's back, but stated that he believed he was
within the scope of the Declarations. He agreed that he "stepped way over the line of
professionalism and ethics." Davila's attorney requested that if Newton intended to set a hearing
regarding this matter, the hearing be set in conjunction with the summary judgment hearing on the
17th or after the holidays. Newton was present at the hearing on the 17th, but no motion to
disqualify Davila's attorney was filed.

 The case proceeded with the amending of petitions and discovery, until on March 1, 1999,
Davila's attorney withdrew from the case on his own initiative. On May 26, 1999, Davila's attorney
filed a notice of reappearance, and on June 3, 1999, he filed a motion for summary judgment that
was set for a hearing on July 1, 1999. On June 23, 1999, the Association filed a motion to disqualify,
which was also set for hearing on July 1, 1999. The trial court granted the disqualification without
considering the summary judgment motion.

Discussion 


 Mandamus is appropriate for reviewing orders on motions to disqualify. National Medical
Enterprises, Inc. v. Godbey, 924 S.W.2d 123, 133 (Tex. 1996). To obtain mandamus relief, Davila
must show that the trial court's ruling was an abuse of discretion. Id. at 128. With respect to factual
issues, an abuse of discretion is shown when the record establishes that "the trial court could
reasonably have reached only one decision." Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). "A trial court has no 'discretion' in determining what the law is or in applying the law to the
facts. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse
of discretion, and may result in appellate reversal by extraordinary writ." Id. at 840.

 To prevent a motion to disqualify counsel from being used as a dilatory tactic, trial courts
must strictly adhere to an exacting standard when considering such motions. NCNB Texas National
Bank v. Coker, 765 S.W.2d 398, 399 (Tex. 1989). A party who fails to file its motion to disqualify
opposing counsel in a timely manner waives the complaint. In re Epic Holdings, Inc., 985 S.W.2d
41, 52 (Tex. 1998). 

 In In re Users System Services, Inc., 42 Tex. Sup. Ct. J. 836, 840 (June 24, 1999), the Texas
Supreme Court cited Rivercenter Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993), for the
proposition that a four month unexplained delay in asserting a motion to disqualify would show a
lack of diligence. However, the Court noted that the party seeking relief in Users offered some
explanation for his delay. Id. In Vaughan v. Walther, 875 S.W.2d 690, 690 (Tex. 1994), the Court
noted that the failure to file a motion to disqualify until six and a half months after the event and on
the day of the final hearing resulted in a waiver.

 In the instant case, Newton was aware of the alleged disciplinary violation on December 9,
1998; however, no motion to disqualify was filed until June 23, 1999, which was twenty days after
Davila filed his motion for summary judgment and seven days before the hearing on that motion.
Davila's attorney remained in the case for a period of three months after the violation, and no action
was taken even though the attorneys appeared before the court at a summary judgment hearing.
Davila's attorney reappeared in the case on May 26, 1999, and no action was taken until twenty-eight days later when Newton filed the motion to disqualify seven days before the date Davila's
summary judgment motion was set for hearing. No explanation was offered for the delay in the trial
court below or in the Association's brief.

 The Association contends that we should not include the period during which Davila's
attorney had withdrawn for purposes of calculating the delay. However, even if we exclude that
period, no motion to disqualify was filed for the three month period before the voluntary withdrawal
of Davila's attorney or for at least one month after the attorney reappeared, a total of approximately
four months. In addition, the motion to disqualify was not filed until seven days before the hearing
on Davila's motion for summary judgment, and no explanation was offered for the delay. Similar
to the facts in Rivercenter Associates v. Rivera, as cited by the Texas Supreme Court in Users, this
case involves a party's unexplained four-month delay in asserting its rights. 42 Tex. Sup. Ct. J. at
840. The trial court was required to adhere to an exacting standard when considering the
Association's motion to disqualify to prevent it from being used as a dilatory tactic. NCNB Texas
National Bank v. Coker, 765 S.W.2d at 399. In this case, the motion to disqualify was filed after an
unexplained four month delay. Given the length of this delay in the absence of any explanation and
the fact that the motion was filed seven days before the hearing on Davila's motion for summary
judgment, we hold that the Association waived its complaint by failing to file the motion to
disqualify in a timely manner. The trial court abused its discretion in granting the motion to
disqualify.

Conclusion


 Disqualification is a severe remedy, and courts must adhere to an exacting standard when
considering motions to disqualify so as to discourage their use as a dilatory trial tactic. Because the
Association waived its complaint by failing to file the motion to disqualify in a timely manner, the
trial court abused its discretion in disqualifying Davila's attorney. We conditionally grant the writ
of mandamus. The writ will only issue if the trial court fails to withdraw the order disqualifying
Davila's attorney, Mark Davila, within ten days from the date of our opinion and order. 


 PHIL HARDBERGER,

 CHIEF JUSTICE

DO NOT PUBLISH


1. The Honorable Paul Canales is the permanent judge of County Court at Law No. 2 and is the proper
respondent. See Castellanos v. Littlejohn, 945 S.W.2d 236, 238 n.1 (Tex. App.--San Antonio 1997, orig. proceeding).
Judge Canales presided over the hearing below and orally granted the motion to disqualify. The Honorable Karen
Crouch signed the written order on Judge Canales's behalf.