No. 04-02-00730-CV



IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY





Original Proceeding

From the 79th Judicial District Court, Jim Wells County, Texas


Trial Court No. 99-05-37563-CV


Honorable Terry A. Canales, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Phil Hardberger, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 4, 2002


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND
DENIED IN PART


 State Farm Mutual Automobile Insurance Company seeks a writ of mandamus, compelling
the Honorable Terry A. Canales to do two things: (1) vacate his order denying State Farm's motion
for reconsideration; and (2) permit State Farm to de-designate two expert witnesses or rule that the
documents in question are privileged. State Farm's petition for writ of mandamus is conditionally
granted in part and denied in part. 


Factual & Procedural Background

 Lucas Farias and Cody Jones were involved in a car accident. At the time of the accident,
Jones was insured by State Farm. Farias made a claim against Jones' policy. Farias' claim was
investigated by State Farm employees Robert Grant and Alan Zabloudil and, ultimately, State Farm
denied coverage. 

 Farias sued Jones for injuries arising from the accident. After obtaining a default judgment
against Jones, Farias sued State Farm, alleging it wrongfully refused to defend Jones. (1) On August 24,

2000, State Farm responded to Farias' First Set of Interrogatories and Requests for Production, but
withheld certain documents on the grounds that they were privileged. On June 12, 2002, State Farm
designated Grant and Zabloudil as "non-retained experts" who "are employees of State Farm who
may express opinions concerning the handling of the claim made by [Farias]." After State Farm filed
a Privilege Log, Farias filed a "Motion to Determine Whether Objections Asserted by Defendant in
Response to Interrogatories and Requests for Production are Privileged Under TRCP 193." After a
September 18, 2002 hearing, Judge Michael Westergren ruled that the documents were discoverable,
with the exception of any attorney-client privileged documents. Immediately following the hearing,
State Farm de-designated Grant and Zabloudil as expert witnesses. 

 On September 24, 2002, State Farm filed a motion to reconsider Judge Westergren's ruling.
Following argument by the parties, Judge Canales denied the motion and made the following findings:

 1. The documents contain facts that relate to the case. Grant knew about and
created some of the documents. Accordingly, the documents are discoverable;



 Once Grant was de-designated, the documents are no longer discoverable; 

 State Farm's decision to de-designate Grant was a "tactical move" and is not
permitted.


 State Farm filed this petition for writ of mandamus, requesting this court to order Judge
Canales to set aside his order. 

Discussion


 Mandamus Generally


 A writ of mandamus will issue to correct a trial court's clear abuse of discretion. Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992). "[A] clear failure by the trial court to analyze or apply
the law correctly will constitute an abuse of discretion ." Id. at 840. In addition to showing an
abuse of discretion, the relator must show he has no other adequate remedy at law. Id. at 840.When
an order requires the disclosure of information excepted from discovery, mandamus is appropriate
because the remedy by appeal is inadequate. Castellanos v. Littlejohn, 945 S.W.2d 236, 241 (Tex.
App.-San Antonio1997, orig. proceeding). 


 De-designation of Expert Witnesses


 "Texas Law permits a testifying expert to be 'de-designated' so long as it is not part of 'a
bargain between adversaries to suppress testimony' or for some other improper purpose."
Castellanos, 945 S.W.2d at 240. The policy underlying the discovery rules is to seek the truth. Tom
L. Scott, Inc. v. McIlhaney, 798 S.W.2d 556, 560 (Tex. 1990)( orig. proceeding); Rendon v. Avance,
67 S.W.3d 303, 309 (Tex. App.-Fort Worth 2001, orig. proceeding). Accordingly, de-designation
is ineffective when it is used to conceal the facts. Tom L. Scott, Inc., 798 S.W.2d at 560; Rendon, 67
S.W.3d at 309. 

 There are no allegations that the parties here bargained to suppress testimony. And according
to State Farm, there was nothing before the trial court to show that its de-designation was for an
improper purpose. However, the circumstances surrounding the de-designation support the trial
court's ruling. There are at least two cases that support this conclusion: Castellanos v. Littlejohn,
945 S.W.2d 236 (Tex. App.-San Antonio 1997, orig. proceeding) and Jones & Laughlin Steel, Inc.
v. Schattman, 667 S.W.2d 352 (Tex. App.-Fort Worth 1984, orig. proceeding).

 In Jones & Laughlin, the trial court ordered the completion of a deponent's deposition, even
after the deponent had been designated a consulting-only expert. 667 S.W.2d at 355. The relator
argued the trial court's actions were an abuse of discretion. Id. The real-party-in-interest countered
that the re-designation came too late (after the hearing on the motion to compel and immediately
before the trial court's ruling). Id. The court held that "[e]ven though relator delayed making the
designation until the last possible minute, the designation is no less effective to render Smith a
consultant and to foreclose relator's opportunity to call Smith as an expert witness at trial." Id. The
Jones & Laughlin court's holding suggests that "the last possible minute" to timely de-designate a
witness is before the trial court's ruling. In this case, State Farm de-designated after the trial court's
ruling.

 In Castellanos, this court included a footnote to its opinion, suggesting that arguably "an
improper purpose could be inferred from Castellanos' delay in 'de-designating' Dr. Perez, particularly
after his deposition was noticed." 945 S.W.2d at 240 n.3. The court declined to address the issue
because the argument was never made to the trial court and the record did not indicate that the
suggestion might have formed the basis of the trial court's ruling. Id. Here, however, the trial court's
ruling is clearly based on the timing of the de-designation. The timing of the de-designation
reasonably leads to the inference that State Farm de-designated Grant and Zabloudil to protect or
conceal their testimony. Concealing testimony is an "improper purpose." The trial court could have
determined that the de-designation was untimely and for an improper purpose. Thus, we hold the trial
court did not abuse its discretion in refusing to permit the de-designation.


 Privilege


 It is undisputed that the documents in question here are privileged. Yet Farias contends, and
apparently the trial court agreed, that by designating Grant and Zabloudil as expert witnesses, State
Farm waived the privilege. Texas Rule of Civil Procedure 192.3(e) provides that a party must disclose
an expert's mental impressions and opinions in connection with the case and any methods used to
derive those impressions and opinions, the facts known by the expert that relate to or form the basis
of the opinion, and all documents, reports or tangible items prepared by the expert in anticipation of
his testimony. Tex. R. Civ. P. 192.3(e)(3), (6); In re Learjet Inc., 59 S.W.3d 842, 846 (Tex.
App.-Texarkana 2001, orig. proceeding). 

 State Farm makes, essentially, two arguments: the trial court erroneously relied on Rule
192.3(e)(3) and should have relied instead on Rule 192.3(e)(6); and the documents, under Rule
192.3(e)(6), are privileged because they were not generated in anticipation of litigation. 

 Rule 192.3(e) provides in part as follows:

 A party may discover the following information regarding a testifying expert or
regarding a consulting expert whose mental impressions or opinions have been
reviewed by a testifying expert:


 (3) the facts know by the expert that relate to or form the basis of the expert's mental
impressions and opinions formed or made in connection with the case in which the
discovery is sought, regardless of when and how the factual information was acquired;



 (6) all documents, tangible things, reports, models, or data compilations that have
been provided to, reviewed by, or prepared by or for the expert in anticipation of a
testifying expert's testimony.

From the record of the hearing on State Farm's motion for reconsideration, it is clear the trial court
relied on Rule 192.3(e)(3) in making its ruling. According to State Farm, subsection (3) applies to
intangibles, whereas subsection (6) applies to documents. Thus, because the items sought to be
discovered here are documents, subsection (6) applies. The Fort Worth court of appeals addressed
the same issue in D.N.S. v. Schattman, 937 S.W.2d 151, 157 (Tex. App.-Fort Worth 1997, no pet.).
There, the trial court determined that a narrative report was discoverable under rule 166b(2)(e)(1)
"'as facts known to an expert or which relate to or form the basis of his impressions and opinions'
and impliedly ruled it was discoverable under rule 166b(2)(e)(2) by using the phrase 'anticipation of
this trial and his testimony.'" Id. (2) The court of appeals held that only rule 166b(2)(e)(2) applied
because it specifically covered tangible materials, whereas subsection (2)(e)(1) applied generally to
"information of an intangible nature." Id. Ultimately, the court held "that only rule 166b(2)(e)(2)
applies to determine the discoverability of the narrative report because it is unquestionably a tangible
report prepared by an expert." The court went on to state the following:

 Were we to apply rule 166b(2)(e)(1) and its broader scope of discovery to the
narrative report, the result would be a fishing expedition for all of the party-expert's
privileged communications. In every case with a party-expert, virtually every attorney-client and party communication that touches even remotely on the facts of a case
would be discoverable, practically resulting in an automatic waiver of all privileges in
every case with a party-expert. Such a result would not only emasculate privileges,
it would also violate the prohibition against fishing expeditions in discovery.
Moreover, that result would have a chilling effect on the attorney-client relationship
and the insurer-insured relationship.

Id. at 157-58 (citations omitted). 

 We agree with the Fort Worth court of appeals' holding in D.N.S. v. Schattman. The plain
language of the rule demonstrates that subsection (3) applies generally to intangible "factual
information," and subsection (6) applies to "tangible things." Furthermore, the Legislature's use of
two separate subsections to cover tangibles-documents-versus intangibles-facts-implies that the two
subsections are mutually exclusive. See Tex. Gov't Code Ann.§ 311.021 (Vernon 1998) (requiring
courts to presume that an entire statute is effective).

 Farias, however, contends that subsection (3) applies. Farias states he "is not asking for
documents provided to, reviewed by, or prepared by or for the expert in anticipation of the testifying
expert's testimony." Yet he maintains that he seeks documents that contain the experts' mental
impressions and are, thus, discoverable because the rules make discoverable any information
regarding a testifying expert's mental impressions or opinions. First, if Farias is seeking the experts'
mental impressions or opinions, then subsection (4) applies, which permits discovery of "the expert's
mental impressions and opinions formed or made in connection with the case in which discovery is
sought, and any methods used to derive them." Tex. R. Civ. P. 192.3(e)(4). As we mentioned
previously, the trial court's ruling is clearly based on subsection (3). Second, in his requests for
production, Farias requested the following:


 Produce any memoranda, reports, letters, witness statements, or any other
materials which document or describe your investigation regarding whether
Cody Jones was covered under the policy in question in connection with the
accident in question; and 

 Produce all memoranda, reports, letters, or other documents which set forth
or contain any evidence which you contend supports your decision to deny
coverage to Code Jones for the accident in question.


Farias did not ask for "opinions" or "mental impressions" or even for the "facts known by the
expert." Rather, he simply asked for documents. Because his requests for production ask for
documents only, subsection (6) should have guided the trial court's analysis and ruling. 

 Under subsection (6), the documents in question are privileged. Robert Grant's affidavit
provides in part:

 I reviewed the documents described in State Farm's privilege log prior to signing my
affidavit of September 17, 2002. I created some of those documents. The documents
described in State Farm's privilege log were reviewed by me or created by me as an
employee of State Farm while supervising the handling of a claim in 1995 and 1996.
Those documents were created in anticipation that litigation would ensure and not
in anticipation that I, or any other State Farm employee, would testify as an expert
in any lawsuit.


 I did not receive, review, or prepare any of the documents described in State Farm's
privilege log in anticipation of testifying as to any opinions in this case. I first learned
I might testify in this case in 2002. I have formed no opinions in anticipation of
testifying in this case. I have not relied on any of the documents described in State
Farm's privilege log, which have been provided only to State Farm employees and
attorneys and not to any third parties, to form any opinion I hay have been expected
to express at trial.  (3)

The documents in question were created in relation to Farias' lawsuit against Jones. They were not
generated for his lawsuit against State Farm, and according to Grant's uncontroverted affidavit, the
documents were not "provided to, reviewed by, or prepared by or for [him] in anticipation of a [his]
testimony" in this lawsuit. Accordingly, State Farm did not waive the privilege in relation to the
documents by designating Grant as an expert witness, and the trial court abused its discretion by
ordering State Farm to produce the documents in question. 

Conclusion
 We hold the trial court did not abuse its discretion in denying State Farm's attempt to de-designate its expert witnesses. However, we also hold the trial court abused its discretion in ordering
State Farm to produce "all documents listed on Defendant's Privilege Log." Accordingly, we
conditionally grant State Farm's petition for writ of mandamus in part and order Judge Canales to
vacate his October 9, 2002 order and grant State Farm's motion for reconsideration. A writ of
mandamus will issue only if Judge Canales fails to comply with these instructions. 


 Karen Angelini, Justice


PUBLISH
1. The trial court entered a turnover order, granting Farias the right to bring any cause of action stemming from
the accident that Jones may have had, including his failure to defend cause of action against State Farm.
2. The Schattman case was decided before the discovery rules were amended and renumbered. In that case, the
court analyzed the application of Rule 166b(2)(e)(1) and (2). The rule provided in part as follows:


 (1) In General. A party may obtain discovery of the identity and location  of an expert who may
be called as an expert witness, the subject matter on which the witness is expected to testify, the
mental impressions and opinions held by the expert and the facts know to the expert (regardless of
when the factual information was acquired) which relate to or form the basis of the mental
impressions and opinions held by the expert.


 (2) Reports. A party may also obtain discovery of documents and tangible things including all
tangible reports, physical models, compilations of data and other material prepared by an expert or
for an expert in anticipation of the expert's trial and deposition testimony. .


Tex. R. Civ. P. 166b(2)(e)(1), (2) (Vernon 1997). This rule is substantially similar to current rule 192.3(e).
3. Please note that in his response, Farias states: "Lucas Farias agrees with State Farm that the experts had not
relied on any privileged documents to form any trial opinion."