**In re STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

No. 04–02–00730–CV.

Court of Appeals of Texas, San Antonio.

Dec. 4, 2002.

Rehearing Overruled Dec. 27, 2002.

Cliff Gordon, Van Huseman, Huseman & Pletcher, P.C., Corpus Christi, for appellant.

Steve T. Hastings, Jerry Batek, Hastings & Alfaro, L.L.P., Corpus Christi, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: KAREN ANGELINI, Justice.

State Farm Mutual Automobile Insurance Company seeks a writ of mandamus, compelling the Honorable Terry A. Canales to do two things: (1) vacate his order denying State Farm's motion for reconsideration; and (2) permit State Farm to de-designate two expert witnesses or rule that the documents in question are privileged. State Farm's petition for writ of mandamus is conditionally granted in part and denied in part.

FACTUAL & PROCEDURAL BACKGROUND

Lucas Farias and Cody Jones were involved in a car accident. At the time of the accident, Jones was insured by State Farm. Farias made a claim against Jones' policy. Farias' claim was investigated by State Farm employees Robert Grant and Alan Zabloudil and, ultimately, State Farm denied coverage.

Farias sued Jones for injuries arising from the accident. After obtaining a default judgment against Jones, Farias sued State Farm, alleging it wrongfully refused to defend Jones.[1] On August 24, 2000, State Farm responded to Farias' First Set of Interrogatories and Requests for Production, but withheld certain documents on the grounds that they were privileged. On June 12, 2002, State Farm designated Grant and Zabloudil as "non-retained experts" who "are employees of State Farm who may express opinions concerning the handling of the claim made by [Farias]." After State Farm filed a Privilege Log, Farias filed a "Motion to Determine Whether Objections Asserted by Defendant in Response to Interrogatories and Requests for Production are Privileged Under TRCP 193." After a September 18, 2002 hearing, Judge Michael Westergren ruled that the documents were discoverable, with the exception of any attorney-

---

1. The trial court entered a turnover order, granting Farias the right to bring any cause of action stemming from the accident that Jones may have had, including his failure to defend cause of action against State Farm.

client privileged documents. Immediately following the hearing, State Farm de-designated Grant and Zabloudil as expert witnesses.

On September 24, 2002, State Farm filed a motion to reconsider Judge Westergren's ruling. Following argument by the parties, Judge Canales denied the motion and made the following findings:

1. The documents contain facts that relate to the case. Grant knew about and created some of the documents. Accordingly, the documents are discoverable;

2. Once Grant was de-designated, the documents are no longer discoverable;

3. State Farm's decision to de-designate Grant was a "tactical move" and is not permitted.

State Farm filed this petition for writ of mandamus, requesting this court to order Judge Canales to set aside his order.

### DISCUSSION

#### A. *Mandamus Generally*

■■■ A writ of mandamus will issue to correct a trial court's clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.* at 840. In addition to showing an abuse of discretion, the relator must show he has no other adequate remedy at law. *Id.* at 840. When an order requires the disclosure of information excepted from discovery, mandamus is appropriate because the remedy by appeal is inadequate. *Castellanos v. Littlejohn,* 945 S.W.2d 236, 241 (Tex.App.-San Antonio 1997, orig. proceeding).

#### B. *De-designation of Expert Witnesses*

■■■ "Texas Law permits a testifying expert to be 'de-designated' so long as it is not part of 'a bargain between adversaries to suppress testimony' or for some other improper purpose." *Castellanos,* 945 S.W.2d at 240. The policy underlying the discovery rules is to seek the truth. *Tom L. Scott, Inc. v. McIlhany,* 798 S.W.2d 556, 560 (Tex.1990) (orig. proceeding); *Rendon v. Avance,* 67 S.W.3d 303, 309 (Tex.App.-Fort Worth 2001, orig. proceeding). Accordingly, de-designation is ineffective when it is used to conceal the facts. *Tom L. Scott, Inc.,* 798 S.W.2d at 560; *Rendon,* 67 S.W.3d at 309.

There are no allegations that the parties here bargained to suppress testimony. And according to State Farm, there was nothing before the trial court to show that its de-designation was for an improper purpose. However, the circumstances surrounding the de-designation support the trial court's ruling. There are at least two cases that support this conclusion: *Castellanos v. Littlejohn,* 945 S.W.2d 236 (Tex. App.-San Antonio 1997, orig. proceeding) and *Jones & Laughlin Steel, Inc. v. Schattman,* 667 S.W.2d 352 (Tex.App.-Fort Worth 1984, orig. proceeding).

In *Jones & Laughlin,* the trial court ordered the completion of a deponent's deposition, even after the deponent had been designated a consulting-only expert. 667 S.W.2d at 355. The relator argued the trial court's actions were an abuse of discretion. *Id.* The real-party-in-interest countered that the re-designation came too late (after the hearing on the motion to compel and immediately before the trial court's ruling). *Id.* The court held that "[e]ven though relator delayed making the designation until the last possible minute, the designation is no less effective to render Smith a consultant and to foreclose relator's opportunity to call Smith as an

expert witness at trial." *Id.* The *Jones & Laughlin* court's holding suggests that "the last possible minute" to timely de-designate a witness is before the trial court's ruling. In this case, State Farm de-designated *after* the trial court's ruling.

In *Castellanos,* this court included a footnote to its opinion, suggesting that arguably "an improper purpose could be inferred from Castellanos' delay in 'de-designating' Dr. Perez, particularly after his deposition was noticed." 945 S.W.2d at 240 n. 3. The court declined to address the issue because the argument was never made to the trial court and the record did not indicate that the suggestion might have formed the basis of the trial court's ruling. *Id.* Here, however, the trial court's ruling is clearly based on the timing of the de-designation. The timing of the de-designation reasonably leads to the inference that State Farm de-designated Grant and Zabloudil to protect or conceal their testimony. Concealing testimony is an "improper purpose." The trial court could have determined that the de-designation was untimely and for an improper purpose. Thus, we hold the trial court did not abuse its discretion in refusing to permit the de-designation.

## C. *Privilege*

■ It is undisputed that the documents in question here are privileged. Yet Farias contends, and apparently the trial court agreed, that by designating Grant and Zabloudil as expert witnesses, State Farm waived the privilege. Texas Rule of Civil Procedure 192.3(e) provides that a party must disclose an expert's mental impressions and opinions in connection with the case and any methods used to derive those impressions and opinions, the facts known by the expert that relate to or form the basis of the opinion, and all documents, reports or tangible items prepared by the

expert in anticipation of his testimony. TEX.R. CIV. P. 192.3(e)(3), (6); *In re Learjet Inc.,* 59 S.W.3d 842, 846 (Tex.App.-Texarkana 2001, orig. proceeding).

State Farm makes, essentially, two arguments: the trial court erroneously relied on Rule 192.3(e)(3) and should have relied instead on Rule 192.3(e)(6); and the documents, under Rule 192.3(e)(6), are privileged because they were not generated in anticipation of litigation.

> Rule 192.3(e) provides in part as follows: A party may discover the following information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: (3) the facts know by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired; ...
>
> (6) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony....

From the record of the hearing on State Farm's motion for reconsideration, it is clear the trial court relied on Rule 192.3(e)(3) in making its ruling. According to State Farm, subsection (3) applies to intangibles, whereas subsection (6) applies to documents. Thus, because the items sought to be discovered here are documents, subsection (6) applies. The Fort Worth court of appeals addressed the same issue in *D.N.S. v. Schattman,* 937 S.W.2d 151, 157 (Tex.App.-Fort Worth 1997, no pet.). There, the trial court determined that a narrative report was discoverable under rule 166b(2)(e)(1) " 'as facts known to an expert or which relate to or form the basis of his impressions and

opinions' and impliedly ruled it was discoverable under rule 166b(2)(e)(2) by using the phrase 'anticipation of this trial and his testimony.'" *Id.*[2] The court of appeals held that only rule 166b(2)(e)(2) applied because it specifically covered tangible materials, whereas subsection (2)(e)(1) applied generally to "information of an intangible nature." *Id.* Ultimately, the court held "that only rule 166b(2)(e)(2) applies to determine the discoverability of the narrative report because it is unquestionably a tangible report prepared by an expert." The court went on to state the following:

> Were we to apply rule 166b(2)(e)(1) and its broader scope of discovery to the narrative report, the result would be a fishing expedition for all of the party-expert's privileged communications. In every case with a party-expert, virtually every attorney-client and party communication that touches even remotely on the facts of a case would be discoverable, practically resulting in an automatic waiver of all privileges in every case with a party-expert. Such a result would not only emasculate privileges, it would also violate the prohibition against fishing expeditions in discovery. Moreover, that result would have a chilling effect on the attorney-client relationship and the insurer-insured relationship.

*Id.* at 157–58 (citations omitted).

We agree with the Fort Worth court of appeals' holding in *D.N.S. v. Schattman.*

The plain language of the rule demonstrates that subsection (3) applies generally to intangible "factual information," and subsection (6) applies to "tangible things." Furthermore, the Legislature's use of two separate subsections to cover tangibles-documents-versus intangibles-facts-implies that the two subsections are mutually exclusive. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998) (requiring courts to presume that an entire statute is effective).

Farias, however, contends that subsection (3) applies. Farias states he "is not asking for documents provided to, reviewed by, or prepared by or for the expert in anticipation of the testifying expert's testimony...." Yet he maintains that he seeks documents that contain the experts' mental impressions and are, thus, discoverable because the rules make discoverable any information regarding a testifying expert's mental impressions or opinions. First, if Farias is seeking the experts' mental impressions or opinions, then subsection (4) applies, which permits discovery of "the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them." TEX.R. CIV. P. 192.3(e)(4). As we mentioned previously, the trial court's ruling is clearly based on subsection (3). Second, in his requests for production, Farias requested the following:

**2.** The *Schattman* case was decided before the discovery rules were amended and renumbered. In that case, the court analyzed the application of Rule 166b(2)(e)(1) and (2). The rule provided in part as follows:

> (1) In General. A party may obtain discovery of the identity and location ... of an expert who may be called as an expert witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and the facts know to the expert (regardless of when the factual information was ac-

quired) which relate to or form the basis of the mental impressions and opinions held by the expert....

> (2) Reports. A party may also obtain discovery of documents and tangible things including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony....

TEX.R. CIV. P. 166b(2)(e)(1), (2) (Vernon 1997). This rule is substantially similar to current rule 192.3(e).

• Produce any memoranda, reports, letters, witness statements, or any other materials which document or describe your investigation regarding whether Cody Jones was covered under the policy in question in connection with the accident in question; and

• Produce all memoranda, reports, letters, or other documents which set forth or contain any evidence which you contend supports your decision to deny coverage to Code Jones for the accident in question.

Farias did not ask for "opinions" or "mental impressions" or even for the "facts known by the expert." Rather, he simply asked for documents. Because his requests for production ask for documents only, subsection (6) should have guided the trial court's analysis and ruling.

■ Under subsection (6), the documents in question are privileged. Robert Grant's affidavit provides in part:

I reviewed the documents described in State Farm's privilege log prior to signing my affidavit of September 17, 2002. I created some of those documents. The documents described in State Farm's privilege log were reviewed by me or created by me as an employee of State Farm while supervising the handling of a claim in 1995 and 1996. Those documents were created in anticipation that litigation would ensure and not in anticipation that I, or any other State Farm employee, would testify as an expert in any lawsuit.

I did not receive, review, or prepare any of the documents described in State Farm's privilege log in anticipation of testifying as to any opinions in this case. I first learned I might testify in this case in 2002. I have formed no opinions

in anticipation of testifying in this case. I have not relied on any of the documents described in State Farm's privilege log, which have been provided only to State Farm employees and attorneys and not to any third parties, to form any opinion I may have been expected to express at trial....[3]

The documents in question were created in relation to Farias' lawsuit against Jones. They were not generated for his lawsuit against State Farm, and according to Grant's uncontroverted affidavit, the documents were not "provided to, reviewed by, or prepared by or for [him] in anticipation of a[his] testimony ..." in this lawsuit. Accordingly, State Farm did not waive the privilege in relation to the documents by designating Grant as an expert witness, and the trial court abused its discretion by ordering State Farm to produce the documents in question.

### CONCLUSION

We hold the trial court did not abuse its discretion in denying State Farm's attempt to de-designate its expert witnesses. However, we also hold the trial court abused its discretion in ordering State Farm to produce "all documents listed on Defendant's Privilege Log ..." Accordingly, we conditionally grant State Farm's petition for writ of mandamus in part and order Judge Canales to vacate his October 9, 2002 order and grant State Farm's motion for reconsideration. A writ of mandamus will issue only if Judge Canales fails to comply with these instructions.

---

**3.** Please note that in his response, Farias states: "Lucas Farias agrees with State Farm that the experts had not relied on any privileged documents to form any trial opinion."