NUMBER 13-07-405-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: CHRISTUS SPOHN HOSPITAL KLEBERG, ET AL.


 




On Petition for Writ of Mandamus


 




MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Benavides


 


 Relator, Christus Spohn Hospital Kleberg and Christus Spohn Health System
Corporation d/b/a Christus Spohn Hospital Kleberg (collectively "Spohn"), has filed a
petition for writ of mandamus asking this Court to compel the trial court to allow it to
de-designate its expert witness, Nurse Kendra Menzies, and quash the deposition of
Sandra Northcutt, the hospital's internal investigator. Based on the record and
proceedings herein, we conclude that the trial court abused its discretion in refusing to
allow Spohn to de-designate Menzies, but it did not abuse its discretion in failing to quash
Northcutt's deposition. Accordingly, we conditionally grant, in part, and deny, in part,
Spohn's petition for writ of mandamus. 

Background


 In the underlying medical malpractice lawsuit, Spohn mistakenly provided an internal
investigative report written by employee Northcutt to its designated testifying expert
witness, Menzies. The trial court did not allow Spohn to "snap-back" the document. Spohn
contested this ruling through a petition for writ of mandamus with this Court, which was
denied, and a further petition for writ of mandamus with the Texas Supreme Court. The
Texas Supreme Court also denied the writ, holding that: 

 [T]he inadvertent nature of the production in this case preserved the privilege
under Rule 193.3(d) and entitled the hospital to recover the documents upon
realizing its mistake, provided the hospital's designated expert does not
testify at trial. The hospital has not attempted to name another testifying
expert, instead indicating an intent to rely upon the expert to whom the
documents were disclosed. So long as the hospital stands upon its testifying
expert designation, Rule 192's plain language and purpose and the policy
considerations that surrounded its amendment compel the conclusion that
the documents may not be snapped back. Accordingly, we deny the
hospital's petition for writ of mandamus without prejudice to any right the
hospital might have to designate another testifying expert and recover the
privileged documents.


* * * 


 We are sympathetic to the Hospital's concerns over losing valuable
work-product protections when documents are produced to a testifying
expert by mistake. But the producing party in such a situation is not without
a remedy. An attorney who discovers that privileged documents have been
inadvertently provided to a testifying expert may presumably withdraw the
expert's designation and name another. Although such a course may entail
additional expense and perhaps delay, these concerns do not outweigh
countervailing concerns that require full disclosure from an expert who will
testify. If leave of court is necessary for an alternative designation -- when,
for example, the expert designation deadline has passed -- courts should
carefully weigh the alternatives available to prevent what may be akin to a
death-penalty sanction for the party forced to trial without a necessary
expert. The Hospital did not pursue such a course in this case, however,
and we voice no opinion on the trial court's discretion in that regard.


 Finally, the Hospital contends that, even if discoverable for purposes of
deposing Menzies, the Northcutt documents should otherwise retain their
privilege and not be used for other purposes or at trial. Since Menzies has
already been questioned about the documents, the Hospital argues, their
discovery should be confined to that context. Specifically, the Hospital seeks
to quash Sandra Northcutt's deposition, which has been postponed pursuant
to the parties' agreement pending the outcome of this mandamus
proceeding. We decline to opine on the potential admissibility of the
Northcutt documents at trial, as that issue is premature. And in light of Rule
192.5(c)'s provision that information discoverable under Rule 192.3 "is not
work product protected from discovery," we cannot say that the trial court
abused its discretion in denying the Hospital's motion to quash Sandra
Northcutt's deposition.


In re Christus Spohn Hosp. Kleberg, 222 S.W.3d 434, 435, 445 (Tex. 2007) (internal
citation omitted). The supreme court issued its opinion on April 27, 2007, denying the
petition without prejudice to any right the hospital might have to designate another
testimony expert and recover the privileged documents. Id. 

 On May 8, Spohn filed a de-designation of Menzies and a motion to quash the
deposition of Northcutt. On June 6, the trial court held a hearing on Spohn's motion to
quash. After hearing argument, the trial court refused to allow the de-designation of
Menzies, denied the motion to quash, and set a new docket control order under which
discovery closed July 20, 2007, a pretrial hearing was set for August 23, and the case was
set for trial on September 4.

 Relator filed its petition for writ of mandamus on June 26. On June 27, this Court
granted Spohn's motion for emergency stay and stayed all proceedings in the trial court,
including the deposition of Northcutt, pending further order of this Court or until the case
is finally decided. See Tex. R. App. P. 52.10(b).

Standard of Review


 A writ of mandamus will issue to correct a trial court's clear abuse of discretion.
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). "[A] clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion . . . ." Id. at 840. 
In addition to showing an abuse of discretion, the relator must show he has no other
adequate remedy at law. Id. When an order requires the disclosure of information
excepted from discovery, mandamus is appropriate because the remedy by appeal is
inadequate. In re State Farm Mut. Auto. Ins. Co., 100 S.W.3d 338, 340 (Tex. App.-San
Antonio 2002, orig. proceeding); Castellanos v. Littlejohn, 945 S.W.2d 236, 241 (Tex.
App.-San Antonio1997, orig. proceeding). 

 The trial court is imbued with discretion to rule on matters related to discovery. Gen.
Tire, Inc. v. Kepple, 970 S.W.2d 520, 526 (Tex. 1998); Jampole v. Touchy, 673 S.W.2d
569, 574-75 (Tex. 1984). In matters committed to a trial court's discretion, the test is
whether the trial court acted arbitrarily or without reference to guiding legal principles. Cire
v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004); Lopez v. Martin, 10 S.W.3d 790, 794
(Tex. App.-Corpus Christi 2000, pet. denied).

Applicable Law


 "Texas Law permits a testifying expert to be 'de-designated' so long as it is not part
of 'a bargain between adversaries to suppress testimony' or for some other improper
purpose." Castellanos, 945 S.W.2d at 240; see In re State Farm Mut. Auto. Ins. Co., 100
S.W.3d at 340; Lopez, 10 S.W.3d at 794; In re Doctors' Hosp., 2 S.W.3d 504, 506 (Tex.
App.-San Antonio 1999, orig. proceeding). 

 The policy underlying the discovery rules is to seek the truth so that disputes may
be decided by facts that are revealed rather than concealed. Tom L. Scott, Inc. v.
McIlhany, 798 S.W.2d 556, 560 (Tex. 1990) (orig. proceeding); Rendon v. Avance, 67
S.W.3d 303, 309 (Tex. App.-Fort Worth 2001, orig. proceeding). A de-designation is
ineffective where it violates the policy underlying the rules of discovery. McIlhany, 798
S.W.2d at 560. The protection afforded by the consulting expert privilege is intended to
be only a shield to prevent a litigant from taking undue advantage of his adversary's
industry and effort, not a sword to be used to thwart justice or to defeat the salutary objects
of discovery. Id. 

 Analysis


 In the instant case, the record before us is devoid of evidence that Spohn's
attempted de-designation was part of "a bargain between adversaries to suppress
testimony" or was made for some other "improper" purpose. See Castellanos, 945 S.W.2d
at 240. And as previously discussed, the Texas Supreme Court denied Spohn's previous
mandamus "without prejudice to any right the hospital might have to designate another
testifying expert and recover the privileged documents." In re Christus Spohn Hosp.
Kleberg, 222 S.W.3d at 435. With this directive and without additional evidence, we must
conclude that the trial court abused its discretion in failing to allow the de-designation of
Menzies. See id.

 We reach a different conclusion, however, with regard to the trial court's refusal to
quash Northcutt's deposition. The Texas Supreme Court considered and addressed this
issue in its opinion and concluded that "[I]n light of Rule 192.5(c)'s provision that
information discoverable under Rule 192.3 'is not work product protected from discovery,'
we cannot say that the trial court abused its discretion in denying the Hospital's motion to
quash Sandra Northcutt's deposition." See id. at 445. We reach the same conclusion
herein. 

Conclusion


 The petition for writ of mandamus is conditionally granted, in part, and denied, in
part, as described herein. We direct the trial court to vacate its order denying the de-designation of Menzies. The writ will issue only if the trial court fails to comply.


 ___________________________

 GINA M. BENAVIDES

 Justice

 

Memorandum Opinion delivered and

filed this the 26th day of September, 2007.